**Laverna Lee McMULLEN, Relator,**

v.

**Honorable John YATES, Respondent.**

**No. 04–85–00322–CV.**

Court of Appeals of Texas,
San Antonio.

Sept. 25, 1985.

James R. Warncke, San Antonio, for relator.

John M. Pinckney, III, Matthews & Branscomb, Paul W. Green, San Antonio, for respondent.

Before CADENA, C.J., and BUTTS and REEVES, JJ.

## ON RELATOR'S PETITION FOR WRIT OF MANDAMUS

PER CURIAM.

In October of 1982, relator Laverna Lee McMullen, brought suit against James B. Young and Dean Witter Reynolds, Inc. (Dean Witter) for actual and exemplary damages arising out of the churning of her account with Dean Witter of which Young was the account executive. These allega-

tions were raised in Count II of her suit; her complaints under Count I are not here in issue. Under Count II relator brought action under Texas common law alleging fraud, breach of fiduciary duty, and negligence. She further sought relief under the Texas Deceptive Trade Practices Act,[1] and under the Federal Securities Act of 1933, 15 U.S.C. §§ 77q *et seq.* Count II was subsequently amended to additionally seek relief under the Securities and Exchange Act of 1934, 15 U.S.C. §§ 78j(b) *et seq.,* and under Rule 10b–5 which was promulgated under the 1934 Act.

Subsequent to the filing of their original answers, both Young and Dean Witter filed motions to sever Count II and to compel arbitration of the claims therein. The defendants' claims to the right of arbitration rest primarily on a paragraph of a Customer's Agreement signed by relator. The paragraph provides that any controversies growing out of or relating to the agreement shall be settled by arbitration. Both motions to compel arbitration were set for hearing on November 4, 1982, at which time Young and Dean Witter requested that the motions be passed indefinitely.

No further effort was made by either defendant to press their motions for arbitration until Young filed his second motion to compel on April 23, 1985. A hearing was held which resulted in the order of respondent, the Honorable John G. Yates, which severed Count II of relator's complaint and ordered the claims therein to be arbitrated. Judge Yates stayed further judicial proceedings in the severed cause pending the results of the arbitration. Relator seeks a writ of mandamus to compel Judge Yates to set aside his order, and to compel him to proceed to trial and judgment on relator's Count II in conjunction with her Count I.

Both sides acknowledge that the order compelling arbitration is not subject to judicial review until completion of the arbitration and entry of the final judgment by the district court. *Citizens National*

1. TEX.BUS. & COM. CODE ANN. § 17.41 *et seq.* (Vernon Supp.1985).

*Bank of Beaumont v. Callaway*, 597 S.W.2d 465, 466 (Tex.Civ.App.—Beaumont 1980, writ ref'd). Relator argues that unless the writ issues she will suffer irreparable harm in the denial of her right to proceed to trial and judgment under Count II of her complaint. Not only would great delay result, she argues, but she would be compelled to submit to arbitration her claims for the churning of her account in derogation of her right to access to our courts and to a trial by jury. Relator cites *Jampole v. Touchy*, 673 S.W.2d 569, 576 (Tex.1984) which says that mandamus will lie where the remedy by appeal is not "equally convenient, beneficial, and effective as mandamus."

It has been held that neither the delay in obtaining relief nor the added cost of the appellate process makes the remedy at law inadequate. *Iley v. Hughes*, 158 Tex. 362, 311 S.W.2d 648, 652 (1958). If we assume, while not deciding, that the court incorrectly compelled arbitration,[2] the resulting delay is no more onerous than being forced to try a case in an inappropriate venue, or suffering an incorrect ruling on a plea to the jurisdiction, a plea in abatement, or any other interlocutory order that is not subject to correction by mandamus. *See Pope v. Ferguson*, 445 S.W.2d 950, 954 (Tex.1969), *cert. denied*, 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970).

Relator's argument that arbitration supplants the jurisdiction of the courts was rejected by our supreme court in *L.H. Lacy, Co. v. City of Lubbock*, 559 S.W.2d 348 (Tex.1977). The court there said that arbitration should be encouraged as a valuable tool for all citizens as well as a means of alleviating the congested dockets of the courts. *Id.* at 352.

▮▮▮▮ Relator also argues that the respondent's order was a clear abuse of discretion. Mandamus will issue to correct a clear or gross abuse of discretion when there is no other adequate remedy at law. *State v. Walker*, 679 S.W.2d 484, 485 (Tex.

1984); *State v. Sewell*, 487 S.W.2d 716, 718 (Tex.1972). As we have already discussed, relator has an adequate legal remedy by way of appeal. Even if this was not the case, however, we do not believe relator has shown a clear abuse of discretion. A trial judge commits a clear abuse of discretion when the judicial action complained of amounts to fraud, caprice, or is a purely arbitrary decision without reason. *City of San Antonio v. Zogheib*, 129 Tex. 141, 101 S.W.2d 539, 543 (1937); *Professional Microfilming, Inc. v. Houston*, 661 S.W.2d 767, 769 (Tex.App.—Fort Worth 1983, no writ). It is relator's burden to establish a clear abuse of discretion. *State v. Sewell*, 487 S.W.2d at 718. She has failed to do so. Respondent's ruling was based on his opinion that the claims in Count II are arbitrable, that the Customer's Agreement required that they be arbitrated, and that the defendants have timely exercised their right to demand the arbitration. Even if such ruling was not entirely correct, it falls short of a fraudulent, capricious or arbitrary decision. It is not our function to "second-guess" the trial court's pre-trial rulings on legal matters by way of mandamus proceedings.

The situation before us is not analogous to a discovery matter where the appellate courts frequently have reviewed such pre-trial orders of the trial courts. Mandamus has issued where an appellate ruling that certain personal, privileged information was not discoverable could provide no meaningful relief once the information had already been disclosed. *West v. Solito*, 563 S.W.2d 240, 245 (Tex.1978); *Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434, 439 (1959). The present case does not present such an irreversible situation. Arbitration is merely the first step in the ultimate disposition of the dispute between the parties. *Citizens National Bank of Beaumont v. Callaway*, 597 S.W.2d at 466. Questions of whether relator was required to arbitrate, whether defendants below

---

2. Although we assume in this opinion for purposes of argument that the ruling was incorrect, we are not to be understood as deciding that

issue. We express no opinion as to the correctness of the order here complained of.

waived their right to arbitrate, and whether relator's claims were subject to arbitration may yet be argued in the trial court, and, if such rulings are adverse to relator, they may be contested in an appeal.

The issuance of the writ of mandamus is denied on the grounds that relator has not shown a clear abuse of discretion and that relator has an adequate remedy by way of appeal.