**BUILDER'S EQUIPMENT CO., Relator,**

v.

**Honorable James C. ONION, Respondent.**

No. 04–86–00307–CV.

Court of Appeals of Texas, San Antonio.

July 16, 1986.

Thomas E. Quirk, James W. Keene, Beckman Krenek, Olson & Quirk, San Antonio, for relator.

James R. Warncke, San Antonio, for respondent.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

## OPINION

PER CURIAM.

Relator, Builder's Equipment Co., seeks a writ of mandamus compelling the Honorable James C. Onion, Judge of the 73rd Judicial District Court of Bexar County, Texas, to reverse his order suppressing the testimony of three of relator's expert witnesses in pending trial court number 84–CI–03509. We find the trial court commit-

ted no clear abuse of discretion and deny relator's petition for writ of mandamus.

Helen M. Hartwick, the real party in interest, brought suit for damages she alleges were incurred due to the death of her husband who was electrocuted while operating a crane designed and manufactured by relator. The incident occurred August 17, 1983.

The following is a chronology of major pre-trial events leading up to the request for a writ of mandamus:

August 27, 1984 Relator deposed plaintiff's expert witness.

Date uncertain Plaintiff served interrogatories, requesting relator to designate its expert witnesses.

February, 1986 Relator answered interrogatories and named one expert witness: Dr. Richard Murray.

February, 1986 The trial court entered a special trial setting for June 30, 1986.

May 13, 1986 Plaintiff deposed relator's expert witness (Dr. Murray).

May 30, 1986 Relator supplemented its answers to plaintiff's interrogatories and identified three additional expert witnesses: Dr. Howard Hamilton (from Oakmont, Pennsylvania); Dr. Way Johnston (from Bryan, Texas); and Dr. Gerald Goldhaber (from Williamsonville, New York).

June 2, 1986 Plaintiff moved to suppress the testimony of relator's three additional expert witnesses.

June 19, 1986 The trial court signed the order suppressing relator's experts' testimony; heard realtor's motion to supplement its responses and motion for continuance; denied relator's motion to reconsider; and overruled relator's motions for leave to supplement and for continuance.

We granted relator leave to file applications for writ of mandamus and writ of prohibition.[1]

■ Relator complains the trial court abused its discretion in suppressing evi-

1. The application for writ of prohibition was filed under separate cause number, —— S.W.2d ——, 04–86–00311–CV, and is treated in a separate opinion.

dence from its three expert witnesses (Drs. Hamilton, Johnston, and Goldhaber) because it supplemented its answers to plaintiff's interrogatories more than thirty days prior to trial. Relator claims it has complied with TEX.R.CIV.P. 166b(5)(b).

Rule 166b(5)(b) provides:

If the party expects to call an expert witness when the identity or the subject matter of such expert witness' testimony has not been previously disclosed in response to an appropriate inquiry directly addressed to these matters, such response must be supplemented to include the name, address and telephone number of the expert witness and the substance of the testimony concerning which the expert witness is expected to testify, *as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial except on leave of court.* (Emphasis added.)

The rule provides that the party has a duty to supplement answers and to provide the identity of any expert witness the party plans to call to testify as soon as practical and, at a minimum, thirty days prior to trial. By adding the language "as soon as practical" the Texas Supreme Court has clothed the trial court with the discretion to suppress the testimony of an expert witness if his identity is tendered less than thirty days before trial commences or when the trial court finds the name was not submitted as soon as practical.

The trial court held a hearing on relator's motion to reconsider the suppression order. The attorney for relator testified the parties agreed in January, 1986, to a special setting. The order setting the case for trial on June 30, 1986, was signed in February, 1986. Relator's attorney testified that he began looking in earnest for additional experts in February, 1986, once the case was specially set for trial. He stated they hired Dr. Hamilton in the first part of May, 1986; Dr. Johnston on May 19, 1986; and Dr. Goldhaber on May 28, 1986. He did not notify plaintiff regarding any of these additional witnesses until May 30, 1986.

We hold it is in the trial court's discretion to determine whether relator used due diligence in seeking out and identifying to the plaintiff its expert witnesses. Relator waited until after trial had been set to seek out additional experts. Relator waited thirty-five days before notifying plaintiff of Dr. Hamilton; eleven days for Dr. Johnston; and two days for Dr. Goldhaber. Each case is different and the trial court must have the discretion to determine, under each set of circumstances, whether the party used due diligence in searching for and identifying its expert witnesses.

A writ of mandamus is available to correct a clear abuse of discretion when there is no adequate remedy at law. *Jampole v. Touchy,* 673 S.W.2d 569, 572 (Tex. 1984); *State v. Sewell,* 487 S.W.2d 716, 718 (Tex.1972); *McMullen v. Yates,* 697 S.W.2d 500, 502 (Tex.App.—San Antonio 1985, no writ). A clear abuse of discretion occurs when trial court's actions amount to fraud, caprice, or is a purely arbitrary decision without reason. *McMullen v. Yates,* 697 S.W.2d at 502. In this case the trial court considered evidence presented to it, and based on the testimony of the attorney for relator, entered its order suppressing the testimony. The trial court's action does not amount to fraud or caprice nor is it a purely arbitrary decision without reason. We hold the trial court did not abuse its discretion in suppressing the testimony of relator's expert witnesses identified thirty-one days prior to the specially set trial date.

The issuance of the writ of mandamus is denied because the trial court did not abuse its discretion.