Rita Diann WILLIAMS, et al., Relators,

v.

The Honorable Catherine CRIER,
Judge, 162nd District Court,
Dallas County, Texas, Respondent.

No. 05–87–00606–CV.

Court of Appeals of Texas,
Dallas.

July 15, 1987.

Rehearing Denied July 15, 1987.

Before ENOCH, C.J., and BAKER and McCRAW, JJ.

## ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

BAKER, Justice.

Relators, Rita Diann Williams and Elizabeth Williams Fountain, seek a writ of mandamus compelling the Honorable Catherine Crier, Judge of the 162nd Judicial District Court of Dallas County, Texas, to reverse her order of May 7, 1987, striking three of relators' expert witnesses and prohibiting their testimony in pending trial court case No. 85–9722–I. Under the record before us, we find the trial court clearly abused its discretion and grant relators' petition for writ of mandamus.

Relators brought a suit against Amarco Resources Corporation and Westdale, Inc., the Real Parties in Interest (defendants), for damages that relators alleged were incurred due to the death of the husband of relator Rita Diann Williams who was killed while working on a "workover rig" owned and operated by the defendants.

The original suit in this matter was filed in July 1985. The first trial setting of the case was in July 1986, but the matter was not tried at that time. Subsequent to that time, the case was reset for trial on February 9, 1987, with a discovery cutoff date of January 10, 1987, established. Prior to the January 10, 1987 cutoff date, the parties took a substantial number of depositions including approximately seven depositions of relators' designated expert witnesses. The trial court was not able to reach the case for trial on the February 9 setting and, accordingly, reset the case on its own motion. By letter order dated February 25, 1987, the parties were notified by the court that the case was reset for trial for June 15, 1987. This letter order noticed the parties that the discovery cutoff date was May 16, 1987. On May 4, 1987, and within the time specified for the discovery cutoff date, the relators supplemented their answers to defendants' interrogatories and designated the names of three additional

John E. Phillips, Lloyd E. Ferguson, Mark M. Donheiser, Dallas, for relators.

Henry Stollenwerck, Dallas, for respondent.

individuals whom relators intended to call as expert witnesses and noticed the defendants of proposed depositions for each of these three individuals. Defendants filed a motion to quash the notice of depositions and for protective order with the trial court. Defendants' motion asserted the grounds that the three expert witnesses designated by the relators would merely provide cumulative evidence of the testimony to be elicited from the individuals previously designated by relators as their expert witnesses or, alternatively, that even though the designation of the three new witnesses was within the time frame of the discovery cutoff date established by the court's letter order of February 25, 1987, that said designation was not in conformity with Texas Rule of Civil Procedure 166b(5)(b) requiring the supplementation of interrogatories and the designation of expert witnesses "as soon as practical." A hearing was held on May 7 at which time the trial court sustained the defendants' motion and entered an order striking the three named individuals as witnesses for Relators.

Relators assert this writ of mandamus petition on the grounds that the trial court abused its discretion in striking the witnesses and that the order should be overturned.

Both parties agree that a writ of mandamus will not issue unless a clear abuse of discretion is shown and that the appellate court should not intervene to control incidental trial court rulings when there is an adequate remedy by appeal. *See Jampole v. Touchy*, 673 S.W.2d 569, 572 (Tex.1984) (cited by both parties to this action). All parties agree that a clear abuse of discretion occurs when the trial court's actions amount to fraud, caprice, or is a purely arbitrary decision without reason. *See McMullen v. Yates*, 697 S.W.2d 500, 502 (Tex.App—San Antonio 1985, orig. proceeding) (cited by both parties to this action).

We have been furnished with a transcript of the proceedings before the trial court on the date that the motion for protective order was heard and the order complained of entered. This record reflects that there was some discussion between the attorneys and the court prior to the time that the court reporter began to record the hearing Be that as it may, on consideration of this matter now before the court, we are limited to the record before us. This record reflects that apparently no individual was sworn and testified as a witness, and the record consists of argument by counsel for the parties to the court concerning their respective positions on the issue of the motion for protective order. In response to the trial court's inquiry, the defendants herein alleged to the court that their grounds for the request were based upon the fact that the three witnesses now designated by the plaintiff as experts would be cumulative and, secondarily, that the designation of the three witnesses on May 4 failed to comply with the provisions of Rule 166b(5), Tex.R.Civ.P., in that they were not designated "as soon as practical." Defendants' counsel at that time cited to the court as authority for striking expert witnesses the case of *Builder's Equipment Company v. Onion*, 713 S.W.2d 786 (Tex.App.— San Antonio 1986, orig. proceeding). Defendants' counsel took the position that the facts in the instant case were similar to the *Builder's Equipment* case and that these facts demonstrated a lack of due diligence on the part of Relators in designating the witnesses. Relators' counsel, in response to the court's query, took the position that he had designated these three additional witnesses as soon as he located them and as soon as he knew that they were agreeable to testifying in the case.

Following the response by relators' counsel, the court stated, "Okay. Based upon the *Builder's Equipment* case, the court finds that plaintiff has not used due diligence in searching for new witnesses, and the motion to strike or quash those experts is granted." The hearing was closed at that time, and a written order to that effect was entered on the same date, May 7, 1987.

■ This Court may direct a writ of mandamus to issue against a trial court to correct a clear abuse of discretion in a discovery proceeding. *Barker v. Dunham*, 551 S.W.2d 41, 42 (Tex.1977). This is true

not only where the trial court order improperly grants discovery, but the writ may also issue where the trial court improperly limits or denies discovery. *Lindsey v. O'Neill,* 689 S.W.2d 400, 402 (Tex.1985).

■ We observe at the outset that the motion for protective order to deny relators the right to use the three designated witnesses was brought by the defendants in the trial court. Under these circumstances our perception is that the burden was on the defendants, the party asserting the right for limitation of discovery, to produce evidence concerning the applicability of the particular discovery rule to support their grounds for the order sought, and we so hold. *See Giffin v. Smith,* 688 S.W.2d 112, 114 (Tex.1985); *Alice National Bank v. Edwards,* 408 S.W.2d 307, 312 (Tex.Civ.App —Corpus Christi 1966, no writ).

■ As previously indicated, the defendants relied on the case of *Builder's Equipment Co.,* and the court indicated at the conclusion of the argument of counsel that it granted the motion in reliance on that case. A review of the *Builder's Equipment Co.* case reveals, however, that the trial court held a hearing on the matter and heard testimony from the relators' attorney with respect to the relevant facts in the case and that the Court based its decision on the testimony and evidence in the record. *Builder's Equipment Co.,* 713 S.W.2d at 788.

The record in this cause before us contains no evidence of any kind to support a finding by the trial court "that plaintiff has not used due diligence in searching for new witnesses." Accordingly, we hold that the defendants failed to carry the burden that was theirs in the trial court. Our ruling does not prevent the real parties in interest herein, the defendants in the lawsuit, from producing evidence which would support a finding that the relators have not used due diligence in searching for new witnesses. We hold only that, under the present record, the district court's granting of the protective order and striking the three witnesses was a clear abuse of discretion.

Relators' petition for writ of mandamus is conditionally granted, and respondent shall enter an order setting aside the order of May 7, 1987, granting the motion to strike witnesses in cause No. 85–9722–I styled Rita Diann Williams vs. Amarco Resources Corporation and Westdale, Inc. If respondent does not comply with the terms of this order, the writ shall issue.

ENOCH, C.J., dissents.

ENOCH, Chief Justice, dissenting.

I respectfully dissent. There are two prongs to the test for granting a petition for writ of mandamus. One of the prongs is whether the trial court's ruling demonstrates a clear abuse of discretion. The second prong is whether there is an adequate remedy by appeal. *Jampole v. Touchy,* 673 S.W.2d 569 (Tex.1984).

The elements of the discretion prong as set out by the majority are not in dispute. This writer does not take issue with the majority's opinion as that prong is applied to the facts of this case.

However, the majority, although noting its existence, does not address the second, equally important prong of the test which must also be met in order to sustain a request for the extraordinary relief of mandamus. The error must be of such a nature that it involves a matter which is more than incidental to the trial of the cause and for which there is no adequate remedy by appeal. *State ex rel. Pettit v. Thurmond,* 516 S.W.2d 119, 121 (Tex.1974); *Ogburn v. Blackburn,* 697 S.W.2d 822 (Tex.App.— Amarillo 1985, no writ). Stated another way, the error must be of such a nature that the harmed party *cannot* preserve the error for appellate review on the merits.

This case is significantly different from the facts found in *Jampole.* In *Jampole,* the plaintiff (relator) was barred from discovering *defendants'* documents. Our general rules require that to preserve the error, the plaintiff must proffer the evidence into the record so that the appellate court

can assess the harm, if any, that occurred due to the exclusion of the evidence. In *Jampole,* the plaintiff faced the impossible task of presenting evidence to the court which the court itself forbade him to have. The inability to preserve the error made the plaintiff's right to an appeal on the merits illusory. Mandamus there was proper.

In this case, however, the relators have all the evidence in their possession. It is their own experts which the trial court barred from testifying. The relators are free to present by way of bills of exceptions, any evidence they wish. Importantly, during the course of the trial, the judge is equally free to consider the proffered evidence and either maintain the previous ruling or admit the evidence into the record for the use of the trier of facts. Should the judge keep the evidence out, the appellate court would still have available a complete evidentiary record to determine harm to the relators.

For these reasons, I conclude relators have adequate relief available by appeal and, consequently, interference in the pretrial determinations of the trial court is not merited. Accordingly, I would deny the petition for writ of mandamus.