Donald Robert TINSLEY,
et al., Relators,

v.

The Honorable Dan DOWNEY, Judge
of the 295th Judicial District Court of
Harris County, Texas, Respondent.

No. C14–91–00489–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 16, 1992.

John W. Turner, Kevin Dubose, Houston, for relators.

Daniel M. McClure, Ben Taylor, Houston, for respondent.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## MAJORITY OPINION

### ON SECOND MOTION FOR REHEARING

SEARS, Justice.

On second motion for rehearing, the prior opinion is withdrawn and this opinion is substituted. The second motion for rehearing is overruled.

In this original proceeding, relators Tinsley et al., urge us to issue a writ of mandamus directing respondent, the Honorable Dan Downey, to withdraw his order striking four expert witnesses in Cause No. 86–23440. On June 4, 1991, we granted leave to file petition for writ of mandamus. We now conditionally grant the writ.

Relator filed plaintiff's original petition on May 22, 1986, against real parties in interest, Missouri Pacific Railroad Company and A.C. Strunck (hereinafter called MoPac), to recover damages arising from a car-train collision. MoPac served interrogatories on relator on July 21, 1986, requesting the identity of all expert witnesses. At that time relator answered that none were designated.

On November 5, 1990, relator amended its response and designated eight experts who might testify at trial. On this same day, the case was set for trial on August 19, 1991. MoPac subsequently filed a motion to strike the expert witnesses. They allege that the case had been on the dismissal docket on three occasions, retained once by order of the court and dismissed twice but reinstated. MoPac refers to one of the motions to reinstate in which attorneys for relator allege that nothing was left to be done to get ready for trial other than depose "the experts from both sides." MoPac concludes that, because the case had been on file for four-and-one-half years before the designation of experts, and because relator had acknowledged in the motion to reinstate that there were experts to be deposed, the subsequent designation was not timely even though it was nine and one half months prior to date that trial was to commence. Relator sets out in the response to the motion to strike that at the time of the designation of experts the case had not been set for trial, nor had the court set a deadline for designation of experts or for any other discovery deadline. Relator specifically points out in the response that the defendants are "attempting to deprive plaintiff from having a fair trial because it will be necessary to call experts to reconstruct the accident."

The trial court conducted a hearing on January 11, 1991, after which Judge Downey requested counsel for relator to file a letter with the court designating each prospective expert witness and the dates on which each witness was first "contacted" in connection with this lawsuit. On January 21, 1991, counsel for relator filed a letter with the court which shows that the experts in question were initially contacted for "investigative purposes" on varying dates from June of 1986 to March of 1987. On April 30, 1991, the trial court entered an order which prohibited the four reconstruction and train experts from testifying at trial. (The court did not strike the medical experts). The writ of mandamus is directed at this order.

The proper standard of review is abuse of discretion. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). Thus, mandamus will issue only upon a showing of a clear abuse of discretion or violation of duty, or where there is no other adequate remedy by law. *Id.* (citing *State v. Walker,* 679 S.W.2d 484, 485 (Tex.1984)). In determining whether such abuse exists, the appellate court should not apply its own opinion of whether the action taken was appropriate. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). Rather, it is whether the trial court acted unreasonably, that is,

without reference to any rules or principles. *Id.* at 241–42. Some practitioners may prefer to pursue a writ of mandamus because it appears easier to prove an abuse of discretion than to prove on appeal that the court's ruling probably led to the rendering of an improper judgment. *See generally,* Cassidy, *The Instant Freeze–Dried Guide to Mandamus Procedure in Texas Courts,* 31 So. Tex.L.Rev. 509, 512 (1990) (thorough discussion on the availability of writs of mandamus). However, the Texas Supreme Court has warned that it is incorrect to think "that mandamus is the 'timely' remedy for any wrongful denial of discovery." *Pope v. Stephenson,* 787 S.W.2d 953, 954 (Tex.1990).

■ Courts will deny mandamus if another remedy is adequate. *Street v. Second Court of Appeals,* 715 S.W.2d 638, 639–40 (Tex.1986). However, a gross abuse of discretion will allow courts to issue a writ of mandamus even if there are alternate remedies available. *See State v. Sewell,* 487 S.W.2d 716, 718 (Tex.1972). Generally, courts of appeal are discouraged from getting involved in incidental pre-trial rulings. *Braden v. Downey,* 811 S.W.2d 922, 928 (Tex.1991, orig. proceeding).

■ Texas Rules of Civil Procedure, Rule 166b(6)(b), provides in pertinent parts as follows:

> If the party expects to call an expert witness when the identity or the subject matter of such expert witness' testimony has not been previously disclosed in response to an appropriate inquiry ... such response must be supplemented ... *as soon as is practical,* but in no event less than thirty (30) days prior to the beginning of trial except on leave of court. (emphasis added).

Appellate courts have disagreed as to the amount of time which would satisfy the "as soon as is practical" requirement. In *Mother Frances Hosp. v. Coats,* 796 S.W.2d 566, 568 (Tex.App.—Tyler 1990), designation of seventeen experts thirty-one days before trial was not an abuse of discovery and was not considered to be in violation of Rule 166b(6)(b). One witness, however, was struck because she had not been designated as an expert until one year after the defendant used her affidavit in a motion for summary judgment. This designation, the court ruled, was not "as soon as practical." *See also Williams v. Crier,* 734 S.W.2d 190 (Tex.App.—Dallas 1987, orig. proceeding) (abuse of discretion to strike witness designated forty-two days before trial). Conversely, in *Builder's Equipment Co. v. Onion,* 713 S.W.2d 786, 787 (Tex.App.—San Antonio 1986), no abuse of discretion was found where testimony was suppressed when the designation of experts was thirty-one days before trial. That court held that "it is in the trial court's discretion to determine whether relator used due diligence in seeking out and identifying ... its expert witnesses." *Id.* at 788.

■ The purpose of sanctions for abuse of discovery is to ensure compliance with the rules and as a deterrence to future abuse. *See Stoll v. Rothchild,* 763 S.W.2d 437, 440 (Tex.App.—Houston [14th Dist.] 1988, writ denied). Tex.R.Civ.P. 215(5) in pertinent part provides: "[a] party who fails to respond to or supplement his response to a request for discovery shall not be entitled to ... offer the testimony of an expert witness ... unless ... good cause ... exists." However, "nothing in the rules requires a party to seek out its expert at a particular time during pre-trial." *Mother Frances Hosp. v. Coats,* 796 S.W.2d 566, 571 (Tex.App.—Tyler 1990).

■ In *Forscan v. Touchy,* 743 S.W.2d 722, 724 (Tex.App.—Houston [14th Dist.] 1987), this court denied a writ of mandamus when the relator's expert witnesses were struck because they were designated *after* discovery deadlines were set by the trial court. In *Forscan,* a panel of this court noted in dicta that mandamus would not issue where there is an adequate remedy at law such as in an appeal by way of a bill of exception. We disagree with the previous language used by this court in *Forscan.* Asking a panel of three judges to determine what a jury of twelve *would have done* had they heard the testimony of expert witnesses is too great a burden to

place upon the appellate courts and is simply not an *adequate* remedy. Although appellate courts should not step in every time sanctions are imposed for abuse of discovery, if the sanction would "preclude a decision on the merits of a party's claim ... [the] party's remedy by eventual appeal is inadequate." *Transamerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 920 (Tex.1991, orig. proceeding).

The Supreme Court has recently taken a strong position regarding *unjust* sanctions. *See Transamerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913 (Tex.1991, orig. proceeding). The Supreme Court set out guidelines that deal with the imposition of sanctions that may be considered a "death penalty" to plaintiff's cause of action. First, the court held that "a direct relationship must exist between the offensive conduct and the sanction imposed." Second, the court found that the "sanctions must not be excessive," and that "the punishment should fit the crime." *Id.* at 917. We also find that any sanction imposed by a trial court for discovery abuse should never be more severe than necessary to satisfy the legitimate purposes of the court. Where less severe sanctions are possible, and would tend to promote compliance with the orderly trial of lawsuits, trial courts should apply the less severe sanctions.

There is nothing in this record to indicate when relators made a decision to designate the experts in question as *testifying* experts. Generally, a plaintiff may *contact* an expert for investigative purposes months or years prior to trial, and may not make the determination to use that witness as a *testifying* expert unless and until all other discovery is completed and the expert has had an opportunity to review all of the evidence, deposition testimony, and any other facts pertinent to formulating the expert's opinion.

 Based upon the nature and difficulty of this type of lawsuit, as well as the length of time between the designation of the experts and the date the case was set for trial, we find that striking the witnesses was an abuse of discretion. The conduct of the relator was not so offensive as to warrant the excessive sanction of loss of expert witnesses. The punishment was more severe than necessary to accomplish the legitimate purpose of the court. Parties are not required to designate experts as soon as they are "contacted," whether they are initially contacted for investigative purposes or to testify as experts at time of trial. The trial court clearly based its ruling on time of contact. Therefore, we find no violation of Rule 166b(6), and we conditionally grant relator's petition for writ of mandamus. The writ will issue only if Judge Downey does not withdraw his order striking the expert witnesses' testimony.

ROBERTSON, Justice, dissenting.

The dissenting opinion dated October 31, 1991, is withdrawn and the following is substituted.

I dissented to granting the motion for leave to file the petition for writ of mandamus. I now dissent to the issuance of the writ. In my opinion there are two reasons why we should not grant the writ: (1) the facts stated in the petition for writ of mandamus were sworn to only to the affiant's "best knowledge," and (2) the trial judge did not abuse his discretion in striking some of the expert witnesses.

This lawsuit was filed in May, 1986. Approximately two months later, relators answered defendants' (the real parties in interest) written interrogatories. Interrogatory 12 requested the identity and location of each expert witness, and, among other matters "the subject matter on which the expert is expected to testify, including the mental impressions and opinions held by the expert and the facts known to the expert." Interrogatory 13 requested the same information on "each expert who is used for consultation and is not expected to be called as a witness." Relators answered "unknown at this time" to each. The succeeding interrogatory sought a copy of all written reports of each expert.

The docket sheet reflects only minimal case activity; there were seven entries prior to the hearing on the motion to strike: (1) an entry, the date of which is illegible, concerning agreed motions to produce and

compel; (2) substitution of, apparently defense, counsel in March, 1989; (3) an illegible entry on June 19, 1989; (4) a notation that a motion to retain was granted on April 12, 1990; (5) an entry on May 3, 1990, that the case was dismissed for want of prosecution; (6) a notation dated June 18, 1990, that the case was reinstated for 120 days; referred to mediation (the trial judge signed a formal order of referral for mediation), and (7) a notation on October 23, 1990, that the case was dismissed for want of prosecution.

On November 5, 1990, the trial judge ordered the case reinstated and set a trial date of August 19, 1991. On the same date, counsel for relators filed Amended Answers to Interrogatories, and in answer to Interrogatory 12 listed eight expert witnesses, giving the name and address of each and identifying one as an accident reconstructionist, one as a speed and brake specialist, one as a human factors expert, one as a train expert, two as forensic pathologists, one as the treating physician of the minor plaintiff and the last as a dentist. Relators made no effort to comply with the remainder of Interrogatory 12.

On November 28, 1990, the real parties in interest filed a motion to strike the expert witnesses and on January 1, 1991, the trial court conducted a hearing on the motion. *Relators have not provided us with a record of that hearing.* However, in a letter, dated January 21, from relators counsel to Judge Downey, he informed the judge that the accident reconstructionist, the train expert, and the speed and brake specialist had been "contacted for investigative purposes" in 1986, and the human factors expert had been "contacted for investigative purposes" in 1987. Subsequently, on April 30, 1991, Judge Downey granted the defendants' (real parties in interest) motion as to the four experts referred to above. It is upon this set of facts that the majority finds the trial judge abused his discretion in striking the four experts.

First, the real parties in interest challenge the sufficiency of the affidavit accompanying the petition for mandamus. Rule 121(a)(2)(F) of appellate procedure requires the petition to "contain an affidavit verifying the truth of all factual allegations." TEX.R.APP.P. 121(a)(2)(F). The affidavit attached to this petition states:

> All of the factual statements made in the Motion for Leave to File Petition for Writ of Mandamus and the Petition for Writ of Mandamus that are being filed in this court with this affidavit are *true, to the best of my knowledge.* (emphasis supplied).

In *Burke v. Satterfield*, 525 S.W.2d 950 (Tex.1975), the Supreme Court stated that an affidavit containing allegations that the stated facts "are true and correct to the best of his knowledge" is insufficient to constitute an affidavit. *See also Campbell v. Fort Worth Bank and Trust*, 705 S.W.2d 400 (Tex.App.—Fort Worth 1986, no writ).

After we granted leave to file the petition on June 4, 1991, the real parties in interest challenged the sufficiency of relators' affidavit in their response filed on July 12, 1991. However, relators have never sought to correct the deficiency of their affidavit. We err by exercising jurisdiction on an insufficient pleading. We should sustain the challenge made by the real parties in interest.

Second, I do not believe the trial judge abused his discretion in striking four of the expert witnesses. In a mandamus proceeding the only question before us "is whether the trial court abused its discretion or violated a duty imposed by law." *City of San Antonio v. Fourth Court of Appeals*, 820 S.W.2d 762 (Tex.1991). There being no contention that Judge Downey "violated a duty imposed by law," the only question then is whether he abused his discretion.

The test for determining whether a trial judge abuses his discretion is "whether the court acted without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). I fail to understand how, under this test, we can find Judge Downey, in striking four of

the expert witnesses, "acted without reference to any guiding rules and principles."

Tex.R.Civ.P. 166b(6)(b) provides:

If the party expects to call an expert witness when the identity or the subject matter of such witness' testimony has not been previously disclosed in response to an appropriate inquiry directly addressed to these matters, such response must be supplemented to include the name, address and telephone number of the expert witness and *the substance of the testimony* concerning which the expert is expected to testify, *as soon as is practical* but in no event less than thirty (30) days prior to the beginning of trial except on leave of court. (emphasis supplied).

As above stated, the evidence was undisputed that relators had known of and had contacted each of the expert witnesses some four years previously but, had never, in response to interrogatories of approximately the same age, designated them. Further, when relators did finally designate them, they still failed to comply with the interrogatory and the rule, by providing "the substance of the testimony."

The majority states on page 787:

There is nothing in this record to indicate when relators made a decision to designate the experts in question as *testifying* experts. Generally, a plaintiff may *contact* an expert for investigative purposes months or years prior to trial, and may not make the determination to use that witness as a *testifying* expert unless and until all other discovery is completed and the expert has had an opportunity to review all of the evidence, deposition testimony, and any other evidence or facts pertinent to formulating the expert's opinion.

This is indeed interesting. It would appear to me, first, that if the record does not show when relators made a decision to designate the experts in question as testifying experts, such failure of proof would preclude us from granting mandamus relief. Second, the observation made in the second sentence is interesting, but I do not find such a provision in Rule 166b. The duty imposed upon the trial court, once challenge was made by real parties in interest, was to determine if the response to the interrogatory was complete and whether it was made "as soon as practical." He found against relators. And as above stated, relators have not provided a copy of the hearing on the motion to strike.

In the concluding paragraph of its opinion, the majority states that the trial court "clearly based its ruling on the time of contact." I find nothing in the record to support such conclusion. In fact, relator's May 16, 1990, sworn reinstatement motion stated that the only remaining depositions to be taken were of *"experts from both sides"* (emphasis added). This is clearly sufficient evidence to justify a trial court finding that relators knew which experts they were planning to use at least six months before they finally disclosed their identities. In the motion to reinstate, relators swore they were "ready, willing and able to have this cause of action placed upon the next available trial docket." The trial judge granted the motion and he reinstated the case *for only 120 days.* Yet, so far as this record shows, relators did absolutely nothing and the case was again dismissed for want of prosecution on October 23, 1990.

Finally, Interrogatory 13 required a disclosure of all expert witnesses who were used for consultation but who were not expected to be called as witnesses. During the four years after relators contacted the four experts for consultation, relators never attempted to comply with Interrogatory 13. The majority opinion does not even address this issue.

This record simply does not justify the granting of the relief by writ of mandamus. In my opinion, the majority errs in finding that the trial court abused his discretion.

The writ of mandamus should be denied.