**Willfred MENTIS, Individually and as Next Friend of Willfred Mentis, Jr. and Warren Mentis, Minor Children, Appellant,**

v.

**Michael John BARNARD, Appellee.**

**No. 05–91–00780–CV.**

Court of Appeals of Texas,
Dallas.

March 26, 1993.

Robert T. Baskett, Burleson, Pate & Gibson, Dallas, for appellant.

Charles M. Bradshaw, Dallas, for appellee.

Before BAKER, KINKEADE, and MORRIS, JJ.

## OPINION ON REHEARING

BAKER, Justice.

We grant appellee's motion for rehearing. We withdraw our opinion of November 10, 1992. The following is now the Court's opinion.

Willfred Mentis and his two minor sons, Warren and Willfred, Jr., sued Michael John Barnard for the wrongful death of Thelma Beatrice Mentis. The jury returned a verdict for Mr. Barnard. The Mentises claim the trial court erred by excluding their expert witness's testimony and failing to grant a motion for new trial based on that error. We overrule the Mentises' points of error. We affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

### A. The Accident

On the morning of February 15, 1989, Mr. Barnard was driving west on the Interstate 635 service road. His car struck and killed Mrs. Mentis, a pedestrian. As Mr. Barnard approached the intersection of Montfort and the service road, Mrs. Mentis tried to cross the street. Mr. Barnard testified that the light was green. He was traveling about thirty-five miles per hour. The posted speed limit was forty miles per hour. It was dark and rainy that morning. He did not notice Mrs. Mentis until he was into the intersection. He did not slow down as he approached the intersection.

It was not his custom to slow down on a wet road unless he saw the light turn yellow. He applied his brakes and steered to the left when he saw Mrs. Mentis. However, he was unable to avoid the collision. His car came to rest a few feet past the driveway of a gas station. After he struck Mrs. Mentis, Mr. Barnard drove his car into the gas station parking lot.

Three other witnesses testified at trial about the accident. The first was Carolyn Hubacek, who was driving next to Mr. Barnard as they approached the intersection. She said the light turned green "just before we got to [the intersection]." Ms. Hubacek was uncertain about how long Mrs. Mentis had been in the street. Ms. Hubacek was uncertain from which direction she was walking. Ms. Hubacek was uncertain whether Mrs. Mentis was in the crosswalk, or whether she started

walking before the light changed. Ms. Hubacek testified it was raining "really hard" at the time of the accident. She and Mr. Barnard were traveling about twenty to twenty-five miles per hour.

Susan Whittiker also saw the accident. She testified that the weather conditions were rainy and overcast. It was "raining steadily, but not a downpour." Ms. Whittiker was about to make a "u-turn" on the service road but had to wait until Mrs. Mentis crossed the street. Mrs. Mentis was running across the street from the gas station towards the interstate; Mr. Barnard's car was not moving slowly. Mr. Barnard's car hit Mrs. Mentis very hard. She did not testify about the speed of Mr. Barnard's car.

Joy Soby stated she was a few feet from the intersection when the accident happened. The light was green when she approached it. She saw Mr. Barnard's car entering the intersection at about forty miles per hour. She saw Mrs. Mentis walking at a normal pace across the intersection. Mr. Barnard honked his car horn. She did not see him make any evasive moves or try to avoid the accident. Ms. Soby also testified it was "drizzling rain" at the time of the accident.

### B. Designation of the Expert

On January 11, 1991, the Mentises' attorney designated John William Murray as an accident reconstruction expert to testify at the trial. The Mentises' attorney notified Mr. Barnard's attorneys by telephone and a letter of the expert's designation. Barnard's counsel agreed that the Mentises could file the supplemental discovery responses to designate the expert on January 14. At trial, Mr. Barnard acknowledged the agreement to extend the time to designate the expert. However, he objected to the designation as not "as soon as is practical" as required under Texas Rule of Civil Procedure 166b(6)(b). Mr. Barnard's attorney stated that the designation of an expert one month before trial, after a lawsuit had been on file almost two years, was not as soon as practical.

The Mentises' attorney responded:

As the Court knows, I substituted as Attorney for the Mentis Plaintiffs shortly before or at the time this expert was designated. And for the Court's information, even prior to the time that the order was signed substituting me as the Attorney of Record, I did make efforts to locate and retain an expert in Oklahoma City and—Who I intended to originally use in the case, and it took me approximately two weeks in my investigation— Or in my contacting him to make a determination that his schedule would not permit him to come down and do the evaluation that he had to do and be prepared to testify by the time this case was set for trial. So consequently, I immediately contact [sic] Mr. Murray, and at the time that we contacted him and Mr. Murray agreed to be retained on this case as an expert witness, at that point in time we did notify defense counsel, and insofar as what may have occurred prior to the time that I became Attorney of Record, obviously I cannot speak to that, but I do know that the designation was made as soon as practicable from the standpoint of our being involved in this lawsuit. And so I think that there was ample opportunity for the defendant [Mr. Barnard] to depose the expert during the past thirty days. Obviously, they deposed my client during the last thirty days, I deposed their client during the last thirty days; surely Mr. Murray would have been available to give his deposition, as well. And I don't think any prejudice or hardship or harm has been worked upon the defendant [Mr. Barnard] by our complying with the Rules of Procedure in designating an expert thirty days prior to trial.

The trial court granted Mr. Barnard's motion to strike the witness on the ground that the Mentises did not designate a witness as soon as practical.

In a bill of exception, the Mentises' attorney offered Mr. Murray's testimony outside the presence of the jury. Mr. Murray reconstructed the accident involving Mr. Barnard and Mrs. Mentis. Based upon a table of coefficient friction, Mr. Murray

calculated the speed of Mr. Barnard's car at the time of the accident as between 45.96 miles per hour and 60.02 miles per hour. To reach this conclusion, Mr. Murray considered the wet road conditions and the position of the car when it finally stopped.

The jury returned a verdict for Mr. Barnard. The jury found that Mr. Barnard was fifteen percent negligent and Mrs. Mentis was eighty-five percent negligent.

## THE MENTISES' CONTENTIONS

The Mentises contend that the trial court erred in excluding their expert witness because they did not designate the witness as soon as practical. The Mentises contend that the trial court erred in denying their motion for a new trial based on the same error. Both points of error involve the same facts and the same law. We discuss them together.

## DISCOVERY SANCTIONS

### A. Standard of Review

A trial court may impose sanctions on any party who abuses the discovery process. TEX.R.CIV.P. 215; *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex. 1986) (per curiam); *Hanley v. Hanley*, 813 S.W.2d 511, 516 (Tex.App.—Dallas 1991, no writ). The trial court's imposition of discovery sanctions is within that court's discretion. We set aside that decision only upon a showing of a clear abuse of discretion. *Koslow's v. Mackie*, 796 S.W.2d 700, 704 (Tex.1990).

### B. Abuse of Discretion

The test for abuse of discretion is not whether the reviewing court believes the facts present a proper case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *City of Dallas v. Cox*, 793 S.W.2d 701, 706 (Tex.App.—Dallas 1990, no writ). We determine whether the trial court's act was arbitrary or unreasonable. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex.1984); *Tate v. Commodore County Mut. Ins. Co.*, 767 S.W.2d 219, 222 (Tex.App.—Dallas 1989, writ denied).

### C. The Trial Court's Responsibility

■ In deciding discovery sanctions, a trial court may consider the entire record and all the offending parties' conduct during the litigation. *Downer*, 701 S.W.2d at 241; *Larsen v. H.E. Butt Grocery Co.*, 769 S.W.2d 694, 696 (Tex.App.—Corpus Christi 1989, writ denied); *Woodruff v. Cook*, 721 S.W.2d 865, 868 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). In a nonjury trial or hearing, the trial court is the sole judge of the witnesses' credibility and the weight given their testimony. *Tate*, 767 S.W.2d at 224.

■ Although a party may disclose an expert more than thirty days before the beginning of the trial, the trial court has the discretion to suppress the expert's testimony because the party did not disclose the expert as soon as was practical. *See First Title Co. v. Garrett*, 802 S.W.2d 254, 263 (Tex.App.—Waco 1990, writ of error granted) (op. on reh'g); *Builder's Equip. Co. v. Onion*, 713 S.W.2d 786, 788 (Tex. App.—San Antonio 1986, orig. proceeding per curiam [leave denied]).

### D. The Appellate Court's Function

■ Because a trial court decided a matter within its discretionary authority differently from that which an appellate court might rule under similar circumstances does not show the trial court abused its discretion. *Southwestern Bell Tel. Co. v. Johnson*, 389 S.W.2d 645, 648 (Tex.1965); *Tate*, 767 S.W.2d at 222. It is only when we determine that a trial judge exercising a discretionary authority has but one course to follow and one way to decide that the discretionary power is effectually destroyed and the rule purporting to grant such power is effectively repealed. *See Jones v. Strayhorn*, 159 Tex. 421, 321 S.W.2d 290, 295 (1959). We do not disturb the trial court's factual or discretionary

decisions unless the court could have reached only the contrary decision. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917–18 (Tex.1985) (orig. proceeding).

An abuse of discretion does not exist where the trial court bases its decision on conflicting evidence. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978). We may not substitute our judgment for that of the trial court. *Johnson*, 700 S.W.2d at 918; *Davis*, 571 S.W.2d at 862. It is only when we find that the trial court abused its discretion as a matter of law that we may substitute our judgment for that of the trial court. *McRae v. Guinn Flying Serv.*, 778 S.W.2d 189, 191 (Tex.App.—Houston [1st Dist.] 1989, no writ). We review the evidence in the light most favorable to the trial court's action. We indulge every legal presumption in favor of the judgment. *Vaughn v. Texas Employment Comm'n*, 792 S.W.2d 139, 143 (Tex.App.—Houston [1st Dist.] 1990, no writ).

### E. Exclusion of an Expert

█ Rule 166b(6)(b) of the Texas Rules of Civil Procedure provides:

If the party expects to call an expert witness when the identity or the subject matter of such expert witness' testimony has not been previously disclosed in response to an appropriate inquiry ... such response must be supplemented ... *as soon as is practical*, but in no event less than thirty (30) days prior to the beginning of trial except on leave of court.

TEX.R.CIV.P. 166b(6)(b) (emphasis added). Rule 215(5) provides the sanction for abuse of discovery:

A party who fails to respond to or supplement his response to a request for discovery shall not be entitled to present evidence which the party was under a duty to provide in a response or supplemental response or to offer the testimony of an expert witness or of any person having knowledge of discoverable matter, unless the trial court finds that good cause sufficient to require admission exists. The burden of establishing good cause is upon the party offering the evi-

dence and good cause must be shown in the record.

TEX.R.CIV.P. 215(5).

### THE ISSUE

The issue is whether the Mentises made their designation of the expert witness as soon as was practical. The thirty day requirement is not an issue in this case. The Mentises notified Barnard's attorney about the designation of the expert witness thirty-two days before trial. The parties agreed that the Mentises could formally supplement the discovery responses twenty-nine days before trial. The parties acknowledged this agreement in open court. Barnard's attorney agreed he did not contend the thirty day requirement was an issue. He agreed the only question was whether the Mentises made the designation of their expert as soon as was practical.

### APPLICATION OF THE LAW TO THE FACTS

The accident that is the basis of the Mentises wrongful death claim happened on February 15, 1989. The Mentises filed suit on March 22, 1989. Barnard served discovery requests on the Mentises about May 8, 1989, requesting the Mentises designate their expert witnesses.

Between the time the Mentises filed suit and the trial in February 1991, there were six separate trial settings. The Mentises' attorneys filed a formal motion for continuance, which the trial court granted.

The Mentises' trial attorney first appeared in the case as early as November 22, 1990. However, the trial court did not enter the order formally substituting him as the Mentises' counsel until January 16, 1991. At trial, Barnard's counsel objected to the expert's designation as not being as soon as was practical as required by rule 166b(6)(b). Barnard's attorney argued that the designation of an expert one month before trial, after a lawsuit had been on file for almost two years, was not as soon as practical. The Mentises' attorney argued the Mentises retained him as their attorney shortly before the time he designated the expert. He argued that before the trial court signed the substitution order, he made efforts to locate and retain an expert.

He learned the first expert he contacted could not do the evaluation and preparation necessary to testify by the trial date. The attorney stated he then contacted the designated expert and secured an agreement for that expert to serve in the case. Counsel stated he then notified Barnard's counsel of the expert witness's name and his designation. The attorney stated he could not say anything about what happened before he became attorney of record. He argued that Barnard had time to depose the expert. He did not think that their designation of the expert witness when they did worked any prejudice or hardship on Barnard.

The record shows the trial court reviewed the entire court record at the hearing on Barnard's motion to strike the expert witnesses. The record also shows the trial court heard counsel's additional statements and arguments at the Mentises' new trial motion hearing.

Appellate courts disagree about the period that satisfies the as soon as is practical requirement of rule 166b(6)(b). In *Builder's Equipment Co.*, the San Antonio Court of Appeals found no abuse of discretion when the trial court struck three expert witnesses designated thirty-one days before trial. *Builder's Equip. Co.*, 713 S.W.2d at 788. Conversely, in *Mother Francis Hospital v. Coats*, 796 S.W.2d 566 (Tex.App.—Tyler 1990, orig. proceeding [leave denied]), the Tyler Court of Appeals held the trial court abused its discretion in excluding seven experts designated thirty-one days before trial.

The trial court has the duty to consider the entire record. *Downer*, 701 S.W.2d at 241; *Woodruff*, 721 S.W.2d at 868. Though a party may disclose an expert more than thirty days before the beginning of trial, the trial court has the discretion to suppress the expert's testimony because the party did not disclose the expert as soon as was practical. *First Title Co.*, 802 S.W.2d at 263. Here, the trial court did consider the entire record and heard the argument of counsel on both sides of the issue. As the fact finder, the trial court was the sole judge of the witnesses' credibility and the weight given their testimony. *Tate*, 767 S.W.2d at 224.

We review the record in the light most favorable to the trial court's action. *Vaughn*, 792 S.W.2d at 143. We indulge every legal presumption in favor of the trial court's decision. *Vaughn*, 792 S.W.2d at 143. When we apply these standards, we cannot say that the trial court had only one course to follow. We cannot say that the trial court could have only reached the contrary decision. That this Court might have ruled differently under similar circumstances does not show the trial court abused its discretion. *Southwestern Bell Tel. Co.*, 389 S.W.2d at 648. We may not substitute our judgment for that of the trial court. *Johnson*, 700 S.W.2d at 918; *Davis*, 571 S.W.2d at 862.

The record does not reflect the trial court clearly abused its discretion when it struck the Mentises' expert witness because the Mentises did not make disclosure as soon as practical. *See* Tex.R.Civ.P. 166b(6)(b); *First Title Co.*, 802 S.W.2d at 263; *Builder's Equip. Co.*, 713 S.W.2d at 788.

We overrule the Mentises' points of error. We affirm the trial court's judgment.