05-91-00780-CV

# IN THE SUPREME COURT OF TEXAS

FILED IN
COURT OF APPEALS

FEB 07 1994

MELANIE KEETON
CLERK

NO. D-3869

## WILLFRED MENTIS, PETITIONER

v.

## MICHAEL JOHN BARNARD, RESPONDENT

ARGUED NOVEMBER 30, 1993

### ON APPLICATION FOR WRIT OF ERROR TO THE COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS

JUSTICE DOGGETT delivered the opinion of the Court, in which CHIEF JUSTICE PHILLIPS, JUSTICE GONZALEZ, JUSTICE HIGHTOWER, JUSTICE HECHT, JUSTICE GAMMAGE, AND JUSTICE ENOCH join.

We consider trial court exclusion of the testimony of an expert witness on the grounds that he had not been designated "as soon as practical" under Rule 166b(6)(b) of the Texas Rules of Civil Procedure.

While crossing a street, Thelma Mentis was struck and killed by an automobile driven by John Barnard. Although suit was filed shortly after her death, the attorney who tried the case was not retained until about three months before trial. In response to discovery, that attorney designated an accident reconstruction expert as a testifying witness thirty-two days before trial. After jury selection and opening statements had been completed, Barnard's attorney was successful in having barred any testimony from this expert because he had not been identified "as soon as practical." Based upon the remaining evidence it was permitted

Some courts appear to have read the "as soon as practical" requirement completely out of Rule 166b(6)(b) so long as the witness was designated more than thirty days before trial. *Pedraza v. Peters*, 826 S.W.2d 741 (Tex. App.--Houston [14th Dist.] 1992, no writ); *Mother Frances Hosp. v. Coats*, 796 S.W.2d 566 (Tex. App.--Tyler 1990, orig. proceeding). Other courts have applied a more stringent standard:

> By adding the language "as soon as practical" the Texas Supreme Court has clothed the trial court with the discretion to suppress the testimony of an expert witness if his identity is tendered less than thirty days before trial commences or when the trial court finds the name was not submitted as soon as practical.

*Builder's Equip. Co. v. Onion*, 713 S.W.2d 786, 788 (Tex. App.--San Antonio 1986, orig. proceeding) (per curiam). *See also First Title Co. of Waco v. Garrett*, 802 S.W.2d 254 (Tex. App.--Waco 1990), *rev'd on other grounds*, 36 Tex. Sup. Ct. J. 980 (June 9, 1993); *Williams v. Crier*, 734 S.W.2d 190 (Tex. App.--Dallas 1987, orig. proceeding [leave denied]).

The plain wording of Rule 166b(6)(b) indicates that the duty to designate attaches only when "the party expects to call an expert witness [not] previously disclosed." TEX. R. CIV. P. 166b(6)(b). This provision does not establish a time after filing or answering a lawsuit by which a party must retain its testifying experts. *See Mother Frances*, 796 S.W.2d at 571. Neither does it require identification immediately upon contacting an expert for potential testimony. The rule does require the attorney to communicate the designation "as soon as practical" once it is decided that the expert is *expected* to be called at trial.

A trial court's exclusion of an expert who has not been properly designated can be overturned only upon a finding of abuse of discretion. *Morrow*, 714 S.W.2d at 298.

3

Given the harmful effect of the trial court's abuse of discretion in excluding expert testimony, we reverse the court of appeals and remand for a new trial.

 

Lloyd Doggett
Justice

Opinion Delivered: February 3, 1994

5

05-91-00780-CV

# IN THE SUPREME COURT OF TEXAS

FILED IN
RT OF APPEALS
FEB 07 1994
MELANIE KEETON
CLERK

No. D-3869

WILLFRED MENTIS, INDIVIDUALLY AND AS NEXT FRIEND
OF WILLFRED MENTIS, JR. AND WARREN MENTIS,
MINOR CHILDREN, PETITIONER

v.

MICHAEL JOHN BARNARD, RESPONDENT

ON APPLICATION FOR WRIT OF ERROR TO THE
COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS

JUSTICE CORNYN, joined by JUSTICE SPECTOR in Part I of this opinion, dissenting.

Under Texas Rule of Civil Procedure 166b(6)(b), as written,[1] the trial court has the discretion to exclude expert testimony if the witness was not designated "as soon as practical." As this case demonstrates, the rule can inject counterproductive uncertainty into

---

[1]I would adopt a recent recommendation by the Supreme Court Task Force on Sanctions and amend the rule to delete the "as soon as practical" language. Instead, as the task force has also recommended, I would commit the timing of designation of expert witnesses more than thirty days before trial to the trial court's broad authority under TEX. R. CIV. P. 166, which governs pretrial orders. *See Werner v. Miller*, 579 S.W.2d 455, 457 (Tex. 1979). Notwithstanding my preference for a different rule, this court is obligated, like all Texas courts, to enforce the rules currently in place. As we have said before, our rules of civil procedure should not be amended by judicial decision. *See, e.g., Alvarado v. Farah*, 830 S.W.2d 911, 917 (Tex. 1992).

pre-trial and trial proceedings.[2] Only when the trial court has abused its discretion, however, and such error has probably caused rendition of an improper judgment, is this or any other appellate court authorized to disturb the trial court's decision. TEX. R. APP. P. 81(b)(1). Because the trial court's exclusionary order in this instance is neither an abuse of discretion nor harmful error, I would affirm the judgment of the court of appeals.

## I.

This wrongful death case arises out of a pedestrian-vehicle accident in Dallas on February 15, 1989, when Thelma Mentis was hit by a vehicle driven by John Barnard. All witnesses agree that Barnard hit Mentis as she was crossing six lanes of early morning rush-hour traffic in the rain. All witnesses likewise agree that Barnard had a green light at the time of the accident. The sole matter of contention was whether Barnard was negligent in driving too fast under the circumstances.

Ms. Mentis's survivors filed suit on March 22, 1989. The sequence of relevant events is as follows: 1) Barnard's lawyer filed a jury demand, and the case was set for trial on September 11, 1989; 2) Barnard's lawyer submitted a discovery request on May 8, 1989, inquiring about potential expert witnesses; 3) the Mentises' counsel withdrew on September 20, 1989, and was apparently succeeded by Lawrence W. Hitchery; 4) trial was

---

[2]The court's suggestion that Rule 166b(6)(b) triggers an obligation to fully and accurately respond to a discovery request for designation of potential expert witnesses only after a party subjectively "expects" to call an expert witness should be proof enough of the rule's infirmity. *Supra*, ___ S.W.2d at ___. As the court's opinion intimates, this rule only encourages discovery gamesmanship. If a party's obligation to disclose a potential expert arises only when she expects to call an expert witness, this obligation is irreconcilable with the overall purpose of our discovery rules: to encourage early and complete disclosure of the relevant facts so that the parties may evaluate the case for settlement and avoid ambush at trial. *See Alvarado*, 830 S.W.2d at 916.

2

reset to June 25, 1990; 5) three days before trial, David Robert Contreras filed a motion for continuance and asked to be substituted as plaintiffs' counsel, which the trial court granted; 6) John Williams Murray, the expert witness whose testimony was excluded, was designated as a potential witness on January 11, 1991, by attorney R. David Weaver, who was officially designated as counsel for the Mentises on January 16, 1991; and 7) trial commenced on February 12, 1992.

Thus, the excluded expert witness was first designated more than twenty months after Barnard requested designation of expert witnesses. In response to Barnard's motion to exclude Murray as a witness, the Mentises' lawyer argued:

> [I]nsofar as what may have occurred prior to the time I became Attorney of Record, obviously I cannot speak to that, but I do know that the designation was made as soon as practicable from the standpoint of our being involved in this lawsuit.

853 S.W.2d 119, 121. Counsel made no attempt to justify the failure to designate an expert witness in response to a discovery request served approximately twenty-one months earlier in the lawsuit. His argument suggests only that *he* was not at fault, as indeed he may not have been. The court apparently embraces this argument, and implies that the Mentises are somehow excused from making earlier disclosure because the delay was not attributable to the lawyer that represented the Mentises at trial. *Supra*, ___ S.W.2d at ___ (noting that "the attorney who tried the case was not retained until three months before trial").

Nothing in our rules of procedure, however, suggests that the timing of discovery responses is tied to entry of a particular lawyer into the case. If it were, a party might

3

readily avoid sanctions for discovery abuse by substituting counsel and claiming that the abuse was not attributable to the new lawyer. Compliance with the rules of civil procedure is a matter ordinarily entrusted by the client to the attorney, but this court has never before suggested that a party may avoid discovery sanctions by hiring a new lawyer.

More fundamentally, the court overlooks one basis upon which the trial court's order may be sustained, and confuses which party bears the burden on appeal to show that the trial court abused its discretion. The court states: "Simply advising the court as to how long the case had been pending did not by itself establish that designation at an earlier date would have been practical." *Supra*, ___ S.W.2d at ___. To the contrary, an *unexplained delay of twenty months* after a request was made does tend to prove that designation of potential experts was not made as soon as practical.

Furthermore, on appeal, because the trial court granted Barnard's motion to exclude Murray's testimony, the burden is on the Mentises -- not Barnard -- to demonstrate that the trial court's exclusionary ruling was made without reference to any guiding rules and principles. *See Morrow v. H.E.B.*, 714 S.W.2d 297, 298 (Tex. 1986)(per curiam). The court's opinion wrongly suggests otherwise.

It is common knowledge that trial court dockets are over-crowded, and that litigation is too expensive, in part, because it takes too long. Given the inherent complexity involved in balancing the rights of the numerous litigants affected by the trial court's unique role in docket administration, and considering the public's interest in the efficient use of limited judicial resources, we should be particularly restrained in our intervention in this area. For

4

as this case shows, it is all too easy for an appellate court to second-guess decisions reserved to the trial court's discretion.

## II.

The court further errs when it concludes that exclusion of Murray's testimony was harmful error. After the trial court excluded Murray's testimony, Murray testified on bill of exception that Barnard's car was travelling between forty-five and sixty miles per hour at the time of the accident.

Three eyewitnesses testified to the speed of Barnard's vehicle before the accident, the main subject of contention at trial. Barnard testified that he was travelling about thirty-five miles per hour at the time of the collision; one disinterested witness, Carolyn Hubacek, testified that Barnard was travelling at a speed of twenty to twenty-five miles per hour. A second disinterested eyewitness, Joy Soby, testified that Barnard was travelling "approximately forty miles-an-hour" at the time his car hit Mentis.

Given this eyewitness testimony, Murray's testimony was probably cumulative. And the court offers no reason to assume that the testimony of what Learned Hand once referred to as a "hired champion" will carry the day with the jury. *See* Learned Hand, *Historical and Practical Considerations Regarding Expert Testimony*, 15 HARV. L. REV. 40, 53 (1901). Even if exclusion of Murray's testimony was error, however, the court's opinion does not show that such error probably caused the jury to reach an improper verdict when the jury assigned eighty-five percent of the fault for the accident to Mentis, and fifteen percent of the fault to Barnard. I would conclude that the trial court did not err by

5

rendering judgment on the verdict. *See* TEX. R. APP. P. 81(b)(1).

For the foregoing reasons, I respectfully dissent.


_____
John Cornyn
Justice


OPINION DELIVERED: February 2, 1994