NUMBER 13-98-539-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


AMERICAN COMMUNICATIONS, INC., Appellant,


v.



C.M. HENKEL, III, Appellee.

___________________________________________________________________


On appeal from the 347th District Court


of Nueces County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Hinojosa and

Yañez

Opinion by Justice Yañez



 American Communications, Incorporated ("ACI"), R.W. Pratt,
Byron W. Pratt, and Mary C. Pratt, sued attorney C.M. Henkel, III,
("Henkel"), alleging that Henkel had served as ACI's corporate attorney,
and had harmed ACI by assisting a former ACI employee to incorporate
a company which competed with ACI. The suit was dismissed by
summary judgment. Of the plaintiffs, only ACI appeals the decision. 
We affirm.

 ACI was a company providing communications equipment and
services in and around Corpus Christi, Texas. Although the record is
not well developed as to the exact status of the Pratts, they were,
apparently, shareholders or officers in ACI. Henkel provided legal
services to ACI as a corporation, as well as to the Pratts, individually,
over a course of approximately seventeen years. The record indicates
that, in 1992, Henkel ceased to be involved with ACI as a corporate
attorney, although he did represent ACI in a lawsuit from June 1994
until January 1995.

 In February 1995, ACI's operational manager for Nueces County,
Michael Collins, resigned from ACI, and formed a corporation competing
with ACI. All of ACI's employees in Nueces County joined Collins,
leaving ACI unable to operate. Henkel prepared the documents for
Collins to incorporate his new company. The Pratts apparently sold
ACI's assets to a competing business because ACI could not function
without its staff.

 ACI and the Pratts brought suit against Henkel in August 1996,
alleging violations of the Deceptive Trade Practices-Consumer
Protection Act,(1) negligence, and conspiracy. Henkel moved for
summary judgment on a variety of grounds. ACI responded to Henkel's
motion for summary judgment, supporting the response with copies of
interrogatories and two affidavits. Henkel objected to the affidavits,
arguing that they were conclusory, contained hearsay, and were
speculative. The trial court held a hearing on the summary judgment
motion, in which it first heard arguments concerning Henkel's
objections to the affidavits. Following the hearing, the trial court
granted summary judgment in favor of Henkel. 

 ACI contends, in a single issue, that the trial court erred in striking
the affidavits, and that these affidavits raise a fact issue. The standards
for determining the admissibility of evidence in a summary judgment
proceeding are the same as those applied in a regular trial. United
Blood Servs v. Longoria, 938 S.W.2d 29, 30 (Tex. 1997). Decisions
about the admissibility of evidence are left to the sound discretion of the
trial court. Owens-Corning Fiberglass Corp. v. Malone, 972 S.W.2d 35,
43 (Tex. 1998); Pegasus Energy Corp. v. Cheyenne Petroleum Co., 3
S.W.3d 112, 133 (Tex. App.--Corpus Christi 1999, pet. denied); see also
Sanders v. Shelton, 970 S.W.2d 721, 727 (Tex. App.--Austin 1998,
writ. denied) (holding in a summary judgment case that the admission
or exclusion of evidence rests with the discretion of the trial court).

 In the case now before this Court, ACI introduced two affidavits
to oppose Henkel's motion for summary judgment. One of these
affidavits was that of Robert Myers, an attorney, the other was the
affidavit of Byron Pratt. We will address each affidavit in turn.

Robert Myers's Affidavit

 In his affidavit, Myers states that he is an attorney licensed in
Texas, and has litigated "matters involving relationships between
attorneys and their clients [and] the ethical constraints imposed upon
attorneys in [Texas]." Myers goes on to state that he has reviewed the
pleadings and evidence involved in this case, and it is his opinion that
Henkel fell below the "standard of care attributable to attorneys in
Corpus Christi, Nueces County, Texas, on the dates applicable to
Plaintiffs' claims and causes of action." Myers lists actions by Henkel
that Myers believes were contrary to Henkel's duty to ACI. Myers
declares that "it is my understanding" that Byron Pratt would have
postponed medical treatment, which incapacitated him, had he been
informed of Collins's plans to quit and form his own company. It is also
Myers's "understanding" that because of the "hands on" nature of
ACI's business, ACI would be effectively shut down by the departure of
Collins and the rest of the ACI staff. Myers concludes that "Henkel's
failure to follow the dictates of the professional conduct of the
attorney's [sic] in this state [sic] proximately caused the damage to
A.C.I." 

 Myers's affidavit was obviously intended to be that of an expert
witness, and was recognized as such at the summary judgment
hearing. Henkel objected to Myers's affidavit on the grounds that it
was conclusory and based on hearsay evidence.

 "Conclusory statements by an expert witness are insufficient to
support or defeat summary judgment." Wadewitz v. Montgomery, 951
S.W.2d 464, 466 (Tex. 1997). It is not enough for an attorney to state
his credentials and then offer a conclusion as to whether the standard
of care has been met. See Burrows v. Arce, 997 S.W.2d 229, 236 (Tex.
1999). The expert must state the basis for his opinion; in other words,
the expert must explain why he reached his conclusions. Id. An
affidavit that fails to explain the legal basis or reasoning supporting the
expert's opinion is conclusory. Id.; Anderson v. Snider, 808 S.W.2d 54,
55 (Tex. 1991).

 Myers's affidavit states that he knows the standard of care, but
never states that standard. He lists actions that apparently violate the
standard of care, and concludes that Henkel violated the standard of
care and several of the Texas State Bar Rules of Professional Conduct. 
Myers's affidavit is conclusory. Myers does not tell us what standard
is being applied to the actions; basically he is saying that he, as an
expert, knows the standard, and these actions don't meet the standard. 
Such statements cannot support a summary judgment. Burrows, 997
S.W.2d at 236. The trial judge properly excluded this affidavit as being
conclusory.

Byron W. Pratt's Affidavit

 Pratt's affidavit contains statements which could have reasonably
been excluded. He states that he was told by former ACI employees
that Collins lied to them about ACI's financial status. This is hearsay. 
Tex. R. Evid. 802. Pratt describes Henkel as ACI's corporate attorney, a
conclusion at issue in the case. Pratt also concludes that Henkel knew
that Collins was essential to the daily operation of ACI. Pratt states
that, in his opinion, Henkel was a material witness to Collins's intent to
interfere with ACI's operations. Pratt also states that Henkel defended
Collins and Collins's new company in a lawsuit brought by ACI, and
refused to withdraw as Collins's counsel. There is evidence in the
record that the trial court in that case heard ACI's motion to disqualify
Henkel, and refused to order his disqualification.

 Much of Pratt's affidavit would be inadmissible. In many places
the affidavit contains hearsay, as well as numerous conclusory
statements. The trial court would have been well within its discretion
in striking large portions of the affidavit, if not the entire affidavit.

 Even assuming, arguendo, that the exclusion of the entire affidavit
was error, we do not find that error would require reversal. To reverse
a judgment based on the erroneous exclusion of evidence, it must be
shown that the evidence was "both controlling on a material issue and
not cumulative." Mentis v. Barnard, 870 S.W.2d 14, 16 (Tex. 1994). 
The judgment of the trial court will not be reversed if the excluded
evidence is found to be cumulative of other evidence. Id. 

 In the instant case, the trial court had before it not only Pratt's
affidavit, but also Pratt's answers to Henkel's interrogatories, as well as
evidence offered by Henkel. The portions of Pratt's affidavit that are not
conclusory or hearsay are repetitive of the answers he gave to Henkel's
interrogatories. The excluded affidavit was cumulative of the
interrogatory evidence, which was admitted without opposition. The
exclusion of Pratt's affidavit as a whole was not reversible error. Issue
number one is overruled.

 The only action by the trial court challenged by appellant is the
exclusion of the affidavits at the summary judgment hearing. Because
the only issue raised on appeal is the striking of the affidavits, we may
not consider any other potential error in the trial court's granting of the
summary judgment. Pat Baker Co. v. Wilson, 971 S.W.2d 447, 450
(Tex. 1998).

 The judgment of the trial court is AFFIRMED.



 ________________________

 LINDA REYNA YAÑEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 31st day of August, 2000.

1. Tex. Bus. & Com. Code Ann. § 17.46 (Vernon Supp. 2000).