In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00169-CV




A/K SERVICE, LLC, Appellant

V.

HARRIS COUNTY APPRAISAL DISTRICT, Appellee




On Appeal from the 280th District Court
Harris County, Texas
Trial Court Cause No. 2007-31656


 

MEMORANDUM OPINION

          Appellant, A/K Service, LLC, brings this appeal to contest the trial court’s
exclusion of evidence at trial. A/K Service complains that the trial court erred by
excluding at trial (1) the testimony of its property tax consultant, and (2) documents
prepared by or in the possession of that consultant. We affirm.
Background
          A/K Service is the owner of an aircraft based at Ellington Field in Harris
County, Texas. A/K Service protested Harris County’s assessment of property taxes
for 2006 to the Appraisal Review Board for Harris County (the “Board”). After the
Board denied A/K Service’s protest, A/K Service filed a lawsuit against the Harris
County Appraisal District. During the bench trial, A/K Service sought to present live
testimony from only one witness: Roger Williams, a property tax consultant it had
hired to represent it in filing the tax protest with the Appraisal Board. 
          A/K Service called Williams as a fact witness. During his testimony, Williams
stated that he had been compensated for his services in representing A/K Service
before the Appraisal Review Board, but that he had “no verbal or written agreement
to be compensated beyond the administrative level.” Williams testified that he was
to have been compensated for his services representing A/K Services before the
Board on the taxes at issue on a “percentage of the savings” basis. He also stated,
however, that because A/K Services did not succeed in lowering the taxes on the
aircraft in its protest to the Board, he never received any money from this “percentage
of savings” basis. He did receive a flat fee amount for other work performed.
Williams also stated that he was not being compensated for his testimony as a fact
witness. Williams’ contingency fee agreement was not introduced at trial, so the only
evidence in the record regarding his compensation is his own testimony. Based on
the Appraisal District’s objection that Williams had a contingency fee with A/K
Service and was thus barred as a witness, the trial court excluded his testimony.          In addition to excluding Williams as a witness, the trial court also excluded an
exhibit offered by A/K Services. A/K Services contends that exhibit was composed
of Williams’ business records relating to the work he had performed in representing
A/K Services in its protest to the Board. The trial court excluded these records on the
ground that Williams had prepared them while working under a contingency fee
agreement. A/K Service did introduce three other exhibits, one of which is a business
record affidavit from its custodian of records, Rick Fuller, with a summary of flight
log information for the relevant time period that contained only airport codes, dates,
and other technical information. No explanation of the codes contained in the
documents attached to Fuller’s affidavit was provided, and Fuller did not testify at
trial. Other than Williams, no witnesses were called by either party. The trial court
entered judgment in favor of the Appraisal District, and this appeal followed. 
          A/K Service argues that its entire case at trial was dependent upon Williams’
testimony as to the proper calculation, pursuant to statute, of the taxes due upon the
aircraft, and that the documents excluded by the trial court provided information
necessary to that calculation. The excluded exhibit at issue is a business records
affidavit by Williams and two attached documents—a form entitled “2006
Confidential Aircraft Rendition & Application for Allocation” prepared by Williams
and giving his opinion as to the aircraft’s taxable use within Texas, and a letter to
A/K Service’s representative addressing whether the City of Baytown was an
appropriate taxing jurisdiction for the aircraft. The 2006 form shows that it had been
prepared by Williams based upon data provided to him by A/K Service and stated his
opinion as to the appropriate allocation for the taxable value of the aircraft. Attached
to this form is a listing entitled “2005 Flight Logs,” listing various cities or airports
and dates under the headings “Departures” and “Landings.” Standard of Review
          A trial court’s decision to exclude evidence is reviewed for abuse of discretion.
City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995) (exclusion of
evidence committed to discretion of trial court). “To obtain reversal of a judgment
based on error in the admission or exclusion of evidence, an appellant must show that
the trial court’s ruling was erroneous and that the error was calculated to cause, and
probably did cause, ‘rendition of an improper judgment.’” Benavides v. Cushman,
Inc., 189 S.W.3d 875, 79 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (quoting
Tex. R. App. P. 44.1(a)(1) and Owens-Corning Fiberglas Corp. v. Malone, 972
S.W.2d 35, 43 (Tex. 1998)). In conducting this harm analysis, we review the entire
record. Tex. Dep’t of Transp. v. Able, 35 S.W.3d 608, 617 (Tex. 2000); Benavides,
189 S.W.3d at 879. 
          Evidentiary rulings do not usually cause reversible error unless an appellant
can demonstrate that the judgment turns on the particular evidence that was admitted
or excluded. Brownsville v. Alvarado, 897 S.W.2d 750, 753-54 (Tex. 1995); 
Benavides, 189 S.W.3d at 879. Reversal is required only if the erroneously excluded
evidence “is both controlling on a material issue and not cumulative.” Mentis v.
Barnard, 870 S.W.2d 14, 16 (Tex. 1994); see also Benavides, 189 S.W.3d at 880
(holding that there was no harm in excluding expert’s testimony regarding incidents
similar to incident that injured plaintiff because jury heard evidence concerning other
incidents from other sources).Analysis
          Under the applicable standard of review, even if we were to find that the
evidence was improperly excluded, reversal would not be warranted unless that
exclusion resulted in the rendition of an improper judgment. Benavides, 189 S.W.3d
at 879. Looking at the record before us, we cannot say that the trial court’s decision
to exclude this evidence caused an improper judgment, or that the judgment turned
upon the excluded evidence. 
          Allocation
          At trial, A/K Service argued that it was entitled to an allocation of the property
taxes owed upon what it claimed was an aircraft used for business purposes. Under
the Tax Code, an owner of an aircraft used for business purposes may seek a
reduction in the amount of total taxes owed upon the aircraft by showing that another
state or jurisdiction has acquired the right to tax the same aircraft. Tex. Tax Code
Ann. §§ 21.03, 21.055 (Vernon 2008); Appraisal Review Bd. of Galveston County
v. Tex-Air Helicopters, Inc., 970 S.W.2d 530, 534 (Tex. 1998). The actual taxes
owed in Texas on the business aircraft are therefore “allocated, ” or proportionately
reduced to reflect the amount of use in Texas. Tex. Tax Code Ann. § 21.03(a); see
also Harris County Appraisal Dist. v. Texas Gas Transmission Corp., 105 S.W.3d
88, 91 n.3 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (“‘Allocating’ is
determining the ratio of usage of personal property within each taxable situs when the
property has more than one taxable situs.”). The Tax Code states that procedures and
formulas for allocation shall be established by the State Comptroller. Id. at §
21.03(b). 
          Such interstate allocation is not automatic, and must be requested by the
property owner. Tex. Tax Code Ann. § 41.41 (Vernon 2001). Further, such
allocation is dependent upon the owner showing that the aircraft at issue has actually
acquired taxable situs elsewhere. See, e.g., Appraisal Review Bd. of Galveston
County v. Tex-Air Helicopters, Inc., 970 S.W.2d 530, 534 (Tex. 1998) (determining
that owners had established that helicopters had acquired situs in Louisiana and they
were therefore entitled to allocation). A taxable situs in another state is demonstrated
by showing that the property at issue has been situated in that situs with “a degree of
permanency to distinguish it from property which is in the state on a purely temporary
or transitory basis.” Id. (citing Greyhound Lines Inc. v. Board of Equalization, 419
S.W.2d 345, 349 (Tex. 1967)). This is a fact-intensive inquiry, including an analysis
of where the aircraft was located during the period at issue, for how long, and for
what purpose. See, e.g., Tex-Air Helicopters, Inc., 970 S.W.2d at 534; City of Austin
v. Davis, 615 S.W.2d 316, 319 (Tex. Civ. App.—Austin 1981), aff’d, 632 S.W.2d
331 (Tex. 1982). 
          The record reveals that A/K Service did not meet its burden of establishing that
it was entitled to allocation under Section 21.055, and that the evidence A/K Service
argues was improperly excluded would not have carried this burden. First, A/K
Service never sought to introduce evidence that the aircraft at issue was “used for
business purposes,” as would have been required for the trial court to apply Section
21.055. Similarly, even considering the excluded evidence, A/K Service never
established that the aircraft in question had actually acquired taxable situs elsewhere. 
At most, the evidence A/K Service sought to have admitted established that the
aircraft in question departed Texas for various other jurisdictions. It did not,
however, establish the purpose of these trips, or the length of time the aircraft spent
in other jurisdictions. A/K Service sought to introduce evidence, through Williams’
testimony and the excluded exhibit, that Williams believed A/K Service was entitled
to be taxed on only 42.86% of the aircraft’s full value. Williams’ testimony was that
42.86% represented the use of the aircraft in Texas, according to his calculations of
the aircraft’s take-offs and landings as reflected in the flight logs he had been
provided. Williams did not offer any evidence, however, regarding the completeness
of the logs, the aircraft’s use out-of-state, nor did he testify as to the duration or
purpose of the aircraft’s sojourns outside of the state of Texas. Without such
evidence, a property owner cannot establish that the property has actually acquired
situs elsewhere and that the property is, in fact, entitled to allocation. See, e.g.,
Tex-Air Helicopters, Inc., 970 S.W.2d at 534; City of Austin v. Davis, 615 S.W.2d
316, 319 (Tex. Civ. App.—Austin 1981), aff’d, 632 S.W.2d 331 (Tex. 1982). A/K
Service could not have established that it was entitled to allocation even if the
excluded evidence had been considered. Therefore, we cannot say that the exclusion
of Williams’ testimony and exhibit caused the rendition of an improper judgment or
that the trial court’s judgment turned on the particular evidence excluded. 
Brownsville v. Alvarado, 897 S.W.2d 750, 753–54 (Tex. 1995); Benavides, 189
S.W.3d at 879. We overrule Appellant’s first and second issues. 
 
Conclusion
          Because the trial court’s judgment did not turn upon the excluded evidence
at issue on appeal, we affirm the judgment of the trial court.
 
                                                             

                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Jennings, Hanks, and Bland.