# NO. 12-20-00109-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *HOMER HALEY,*<br>*APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *STACEY THIRKILL,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Homer Haley appeals from an adverse summary judgment rendered against him in his negligence suit against Stacey Thirkill. In five issues, Haley asserts the trial court erred by ruling on the motion for traditional summary judgment without first holding a hearing, striking the evidence he presented in response to the no evidence motion for summary judgment, and granting the no evidence motion for summary judgment. We affirm.

### BACKGROUND

While crossing a highway in the dark, Haley was hit by a car driven by Thirkill. Haley sued Thirkill for negligence. Thirkill filed a no evidence motion for summary judgment arguing that there is no evidence supporting the breach and causation elements of Haley's claim. Haley responded, arguing that, but for Thirkill's inattention and failure to avoid Haley, the accident would not have occurred. He submitted his unsworn declaration[1] and the police report of the accident as evidence. Thirkill moved to have Haley's exhibits stricken, asserting that they are not competent summary judgment evidence. At the hearing, Thirkill argued that the exhibits should be stricken and her no evidence motion for summary judgment should be granted. Immediately following the hearing, Thirkill filed a traditional motion for summary judgment.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001 (West 2019).

1

About two weeks later, the court signed separate orders granting both the no evidence and traditional motions for summary judgment. This appeal ensued.

<h2 style="text-align:center">S<small>UMMARY</small> J<small>UDGMENT</small></h2>

In his second through fifth issues, Haley contends the trial court erred in granting Thirkill's no evidence motion for summary judgment. He argues that the trial court erred in striking his exhibits and that his response was sufficient to raise a fact issue on breach of duty and causation.

**Standard of Review**

We review the trial court's decision to grant summary judgment de novo. ***Tex. Mun. Power Agency v. Pub. Util. Comm'n***, 253 S.W.3d 184, 192 (Tex. 2007). After adequate time for discovery, a party without the burden of proof at trial may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense. T<small>EX</small>. R. C<small>IV</small>. P. 166a(i). Once a no evidence motion has been filed in accordance with Rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged elements. ***Mack Trucks, Inc. v. Tamez***, 206 S.W.3d 572, 582 (Tex. 2006). A no evidence summary judgment is essentially a pretrial directed verdict and is therefore reviewed by the same legal sufficiency standard applicable to a directed verdict. *See id*. at 582. The entire record must be reviewed in the light most favorable to the nonmovant, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Id*.

**Admissibility of Evidence**

Haley attached his unsworn declaration and the police report as exhibits to his response. However, Haley conceded that the police report is incompetent evidence, explaining at the hearing that "it was only attached to help show what occurred." He repeated this concession in his appellate brief. We, therefore, consider only the admissibility of Haley's unsworn declaration.

Thirkill objected to the following sentences in the declaration:

> The road has a sixty-five-mile-per-hour speed limit, but she had to have been driving much faster because she would have been able to see me with plenty of time to stop otherwise. Ten car lengths is more than enough time to brake a car and avoid hitting someone. . . . With normal, careful driving, if she had been

> paying attention, she would have had plenty of time to stop and avoid hitting
> me.

Thirkill asserted that these statements are speculation, conjecture, and unqualified opinion. She argued that Haley is not qualified to give expert opinions regarding perception-reaction times, human factors affecting driving, accident reconstruction, stopping distances or other matters in the case. Additionally, at the hearing, Thirkill argued that these three statements are conclusory. The trial court struck the entire unsworn declaration.

We review evidentiary rulings for abuse of discretion. *See Caffe Ribs, Inc. v. State*, 487 S.W.3d 137, 142 (Tex. 2016); *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). A trial court abuses its discretion when it rules without regard for any guiding rules or principles. *Malone*, 972 S.W.2d at 43. We will not reverse a trial court for an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a); *Malone*, 972 S.W.2d at 43. Affidavits opposing a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." TEX. R. CIV. P. 166a(f).

Lay opinion testimony is limited to those opinions or inferences that are rationally based on the witness's perceptions and helpful to clearly understanding the witness's testimony or determining a fact in issue. TEX. R. EVID. 701. Rule 701's requirement that lay opinion testimony be based on the witness's perceptions incorporates the personal knowledge requirement of Rule of Evidence 602. *See* TEX. R. EVID. 602. Perceptions refer to a witness's interpretation of information acquired through his or her own senses or experiences at the time of the event, such as things the witness saw, heard, smelled, touched, felt, or tasted. *See Osbourn v. State*, 92 S.W.3d 531, 535 (Tex. Crim. App. 2002). Since Rule 701 requires the testimony to be based on the witness's perception, it is necessary that the witness personally observed or experienced the events about which he or she is testifying. *Id*. Thus, "rationally based," as used in Rule 701, means that the opinion must be one that a person could normally form from observed facts. *See Health Care Serv. Corp. v. E. Tex. Med. Ctr.*, 495 S.W.3d 333, 339 (Tex. App.—Tyler 2016, no pet.). Testimony that lacks a factual basis is conclusory. *See Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 717 (Tex. 2016). Conclusive opinion testimony is

not probative evidence.  *See **Coastal Transp. Co. v. Crown Cent. Petroleum Corp.***, 136 S.W.3d 227, 232 (Tex. 2004).

In his declaration, Haley described the events immediately before the accident:

> On 07/24/2018, I was walking on U.S. Highway 69 in Tyler, Texas. The road has two directions, meaning it is a divided highway with a grassy median.  I was walking on the left-hand side of the road (which is the wrong side of the road).  I started crossing the road.  I wanted to get onto the side of the road where I could face traffic, which is how I am supposed to walk on the road. I looked both ways before crossing.  I did not see anyone.  It was clear.  I could see about ten car lengths in the direction from which traffic was coming.  After I started crossing, walking straight across the road, the next thing I knew, I woke up and had been hit.

Additionally, wedged in between statements that were objected to, Haley stated: "I did not jump out or run across the road, I was moving slowly."

To be admissible, Haley's testimony must be based on his interpretation of information he acquired at the time of the accident.  *See **Hanks v. LaQuey***, 425 S.W.2d 396, 407 (Tex. Civ. App.—Austin 1968, writ ref'd n.r.e) (held that lay witness who actually observed the vehicle as it was driven at the time of the incident in question was competent to testify on the issue of speed).  The only fact Haley observed was that there was no car within ten car lengths of him when he began crossing the road.  He did not see Thirkill's car at all.  Therefore, he could not estimate her speed, the amount of time it should take her to reach him, whether she applied her brakes, how long it should take for her to stop, or whether she was paying attention.  The objected-to statements regarding the actions Thirkill should have been able to accomplish are factually unsubstantiated, and therefore, conclusory.  ***Sw. Energy Prod. Co.***, 491 S.W.3d at 717. Bare conclusions are incompetent.  *See **Cas. Underwriters v. Rhone***, 132 S.W.2d 97, 99 (Tex. 1939).  Further, on his assumption that Thirkill had to have been driving faster than sixty-five miles per hour, Haley stacked inferences that she had time to see him and stop, if she had been paying attention.  Facts from which an inference may properly be drawn must be established by direct evidence, not by other inferences.  *See **Merck & Co., Inc. v. Ernst***, 296 S.W.3d 81, 99 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).  Therefore, the trial court properly struck the complained-of portion of Haley's unsworn declaration.

*Opportunity to Amend*

Haley contends that he should have been given the opportunity to amend his unsworn declaration. While Thirkill objected to the declaration on the basis that it is speculative, a defect in form which may be amended, she also objected on the basis that it is conclusory. As explained above, the objected-to statements are conclusory. Challenges as to summary judgment affidavits as conclusory allege a defect in substance. *EOG Res., Inc. v. Killam Oil Co., Ltd.*, 239 S.W.3d 293, 302 (Tex. App.—San Antonio 2007, pet. denied). If a defect in a summary judgment affidavit is one of substance, the trial court is not required to provide an opportunity to amend. *See* Tex. R. Civ. P. 166a(f) ("Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend."); *EOG Res., Inc.*, 239 S.W.3d at 302. Therefore, the trial court did not err in not giving Haley the opportunity to amend.

*Harm Analysis*

Haley asserts that the trial court erred by striking the entire declaration because Thirkill objected to only a portion of the declaration, and portions were admissible. A party complaining of error in the exclusion of evidence must also show that the trial court's error was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a); *In re M.S.*, 115 S.W.3d 534, 538 (Tex. 2003). In conducting this harm analysis, we review the entire record. *See In re M.S.*, 115 S.W.3d at 538. Evidentiary rulings do not usually cause reversible error unless an appellant can demonstrate that the judgment turns on the particular evidence that was admitted or excluded. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753-54 (Tex. 1995). An error in the exclusion of evidence requires reversal if it is both controlling on a material issue and not cumulative. *Mentis v. Barnard*, 870 S.W.2d 14, 16 (Tex. 1994).

Haley alleged that Thirkill is liable for negligence for failing to exercise due care to avoid colliding with him on a roadway. The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach. *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). Thirkill moved for summary judgment on the grounds that there is no evidence supporting the breach and causation elements of Haley's negligence claim. The burden then shifted to Haley to bring forth evidence raising a fact question. *See Tamez*, 206 S.W.3d at 582.

5

The unobjected-to portion of Haley's declaration describes the roadway and Haley's actions on the night of the accident. He never saw Thirkill's vehicle. Thus, the unobjected-to portion of his declaration did not address the breach and causation elements of his claim at all. Because the excluded evidence did not raise a fact question on any element of Haley's negligence claim, and therefore would not affect the judgment, any error caused by the trial court's exclusion of this evidence is harmless. *See Alvarado*, 897 S.W.2d at 753-54.

**No Evidence Motion for Summary Judgment**

After Thirkill filed her no evidence motion for summary judgment arguing there is no evidence on the elements of breach and causation, the burden shifted to Haley to bring forth evidence that raises a fact issue on the challenged elements. *See* Tex. R. Civ. P. 166a(i); *Tamez*, 206 S.W.3d at 582. The trial court struck Haley's proffered exhibits, leaving Haley in the position of having no evidence to meet his burden. Therefore, Haley did not raise a fact question as to the elements of breach of duty and causation, and the trial court did not err in granting Thirkill's no evidence motion for summary judgment. *See Tamez*, 206 S.W.3d at 582. We overrule Haley's issues two through five. We need not reach his first issue in which he complains that the trial court erroneously granted Thirkill's traditional motion for summary judgment. *See* Tex. R. App. P. 47.1.

## DISPOSITION

Because any error in the exclusion of Haley's evidence is harmless, and Haley did not raise a fact issue on the elements of breach and causation, the trial court did not err in granting Thirkill's no evidence motion for summary judgment. Therefore, we *affirm* the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered March 18, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 18, 2021**

**NO. 12-20-00109-CV**

**HOMER HALEY,**
Appellant
V.
**STACEY THIRKILL,**
Appellee

Appeal from the 369th District Court

of Cherokee County, Texas (Tr.Ct.No. 2019-01-0046)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **HOMER HALEY**, for which execution may issue, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*