**ALICE NATIONAL BANK et al., Appellants,**

v.

**William R. EDWARDS et al., Appellees.**

**No. 179.**

Court of Civil Appeals of Texas.

Corpus Christi.

Oct. 13, 1966.

Rehearing Denied Nov. 17, 1966.

Kenneth Oden, of Perkins, Floyd, Davis & Oden, Alice, Denman Moody, of Baker, Botts, Shepherd & Coates, Houston, Patrick J. Horkin, Jr., of Horkin, Nicolas & Nicolas, Corpus Christi, for appellants.

Frank W. Nesbitt, of Fischer, Wood, Burney & Nesbitt, Corpus Christi, for appellees.

## OPINION

GREEN, Chief Justice.

This is an appeal from an order of the District Court of Kenedy County, Texas, denying to appellants a mandamus sought against appellee Hon. William R. Edwards, Special Judge in Probate in cause No. 348 pending in the County Court of Kenedy County.

In 1961, in cause No. 344 in the County Court of Kenedy County, the will of Mrs. Sarita K. East, deceased, and certain codicils thereto were admitted to probate without contest, and Alice National Bank, Jacob S. Floyd, and Louis Edgar Turcotte

were named as Independent Executors of the estate. Floyd and Turcotte have since died, and the Bank is the sole remaining Independent Executor. Thereafter, certain parties purporting to be heirs of Mrs. East filed a will contest action, being No. 348 in the County Court of Kenedy County, to set aside the order of probate entered in No. 344.

A motion was filed by contestants in No. 348 to appoint a temporary administrator to take over and administer certain of the assets of the Estate, which motion was granted by the court over the objection of the Bank. Another motion was filed in said cause by contestants to remove the Bank as Independent Executor, and to enlarge the powers of the temporary administrator, or, in the alternative, to require the Bank to post a bond. This latter motion is now pending in the cause.

In order to secure evidence for discovery purposes, and for use on any and all issues raised in the pending cause No. 348 as provided in Rule 186a, Texas Rules of Civil Procedure, contestants caused to be issued and served a subpoena duces tecum to take the oral deposition of B. R. Goldapp, the executive vice-president of appellant Alice National Bank. This subpoena commanded Goldapp to produce at the time of the taking of his deposition a number of documents described on Exhibit A of the subpoena in paragraphs 1–19 thereof. Appellant Bank filed a motion as provided in Rules 177a, 186a and 186b, T.R.C.P. for protective orders as to items 2, 8, 11, 17, 18, and 19,[1] requesting that these items be stricken from the subpoena duces tecum, and that contestants be instructed to refrain from questioning Goldapp with

---

1.
2. All minutes of meetings of the Executors of the Estate of Sarita K. East, deceased.

8. All written, typed, and printed communications, checks, vouchers, invoices, letters, writings, documents, instruments, and memoranda belonging to the Estate of Sarita K. East at the time of her death insofar as the same purport to be from or prepared, in whole or in part, and/or signed, by Jacob S. Floyd, or under his direction or by his authority, together with the envelopes, if any, in which the same were found, and if the originals thereof be not in the possession of said witness or subject to his direction or control then copies of those of which he cannot produce the originals.

11. The original, or if the original be not in the possession, custody, or control of the witness, then a copy, of any instrument in writing by virtue of which the Executors of the Estate of Sarita K. East, Deceased, or any of them, authorized, or purported to authorize, Mrs. Elena Kenedy, Mrs. Stella Turcotte Lytton, Lee Lytton, Jr., or any of them, or any other person, to inspect, or examine, or go through, or inventory, or dispose of, any of the personal effects or other properties of Sarita K. East after her death.

17. Copies of all written instruments and documents, the originals of which were executed by the Executors of the Estate of Sarita K. East, or by any of them, and by virtue of which said Executors, or any of them, purported to assign, transfer, or convey to any person, firm, or corporation, any interest owned by Sarita K. East at the time of her death in any real property or land.

18. All checks heretofore given by the Executors of the Estate of Sarita K. East, Deceased, or any of them, in payment of any attorneys fees, legal costs, charges, and expenses, together with all invoices, bills, and statements for which such checks were given in payment or partial payment; and if the originals thereof be not in the possession of said witness or subject to his direction or control, then copies of those instruments of which he cannot produce the originals.

19. All financial statements and reports prepared by or for the Executors, or any of them, of the Estate of Sarita K. East, Deceased, which purport to show the financial condition of said estate or the income received or disbursements made, and if the originals of such statements and reports be not in the possession of said witness or subject to his direction or control, then copies of those of which he cannot produce the originals.

reference thereto. Upon a hearing, the probate judge entered his order overruling the motion of appellants, and denying all relief sought by them. However, the judge did postpone the date for the taking of the deposition.

Following the order of the probate judge, this action for a writ of mandamus was filed in the District Court of Kenedy County. In their petition, the appellants after stating the grounds upon which their prayer for relief were based alleged that the order of the probate judge "was and is void and of no force or effect, that such order is patently violative of mandatory provisions of the law, and the probate judge has failed to perform the legal duty and obligation, or in the alternative, the ministerial duty of granting protective orders as prayed for in such motion." Appellants prayed for a temporary injunction and a writ of mandamus ordering the probate judge to vacate and set aside his order overruling the Bank's motion for certain protective orders as aforesaid, and that he be required to enter an order relieving the witness B. R. Goldapp from producing the objectionable items, and directing that such witness not be questioned upon his oral deposition regarding any of such items and that any line of questioning looking toward any type of accounting or the attempted removal of the Independent Executor, or to enlarge the powers of the appointed temporary administrator be prohibited during the oral examination of the witness; and further asking for general relief. Temporary injunction to stay the taking of the deposition until further orders was entered by the Court.

After a trial before the court, at which the only testimony offered consisted of documentary evidence, the district judge entered his order denying appellants any of the relief sought, and dissolving the temporary injunction.

During the trial and prior to the time all parties rested, there was no offer by the appellant to show to the trial court for his inspection the documents and papers etc. referred to in paragraphs 2, 8, 11, 17, 18, and 19 of Exhibit A of the subpoena, and which the Bank objected to producing at the taking of the deposition, nor was there any tender, in sealed envelopes or otherwise, of any of such material in evidence. In appellants' reply brief filed in this Court, argument was made as follows:

"* * * From the order of the District Court in the present proceeding, the record is entirely devoid of any showing that the District Court even inspected the materials as to which protective orders were sought. It is clear that the District Court had jurisdiction to entertain the writ of mandamus here sought. Alice National Bank v. Edwards, 383 S.W.2d 482 (Corpus Christi Civ.App. 1964, error ref'd n. r. e.). If the District Court had that jurisdiction, then it is clear that the Court had a duty to inspect these materials (which were sent up with the transcript in this case, Tr. 75 and 78). There is no showing in the record that the Court discharged that duty. The very failure of the Court even to inspect these materials is in and of itself fundamental error. * * *"

Thereafter appellees requested leave, in order to have the record speak the true facts, to file a supplemental transcript containing an order to supplement the record on appeal signed by the district judge who tried the cause, reading in part as follows:

"IT FURTHER APPEARING TO THE COURT, And it being a fact within the personal knowledge of this Court, that after the close of the evidence by all parties at the time of the trial of this cause in the District Court, the 'materials' which this Court is charged with a failure to inspect, were delivered to the undersigned District Judge by Kenneth Oden, one of the attorneys of record above named, for the purpose of examination and inspection by the under-

signed District Judge, said materials being delivered in a sealed package; that the undersigned District Judge, in chambers, personally opened said sealed package, and personally inspected and examined each and every instrument and document therein contained, and did thereafter re-insert all of said materials in said package, and reseal the same; that after the undersigned District Judge had inspected and examined each such instrument and document, and after said Judge had duly considered the same and the contents thereof, said District Judge did announce his ruling in this cause and did thereafter sign and enter the final judgment from which said appeal has been perfected, and did return said sealed packed (sic) to the said Kenneth Oden; and,

IT FURTHER APPEARING TO THE COURT That the above described action of the District Judge is material to a proper disposition of said appeal within the meaning of Rule 428, T.R. C.P., and that such actions do not, and could not, appear in the record on appeal in either the Statement of Facts or the Transcript by reason of the fact that the above described actions of the District Judge were taken after the close of the evidence and in the privacy of his chambers, and that, therefore, the trial court should direct a supplemental record to be certified and transmitted by the Clerk of the trial court supplying such omitted matter: "

Over appellants' objections, we grant leave to file this supplemental transcript in order to have the record speak the true facts as to this matter. Rule 428, T.R. C.P.; Tucker v. Boyd, 156 Tex. 262, 293 S.W.2d 841, on rehearing, p. 843; Murray v. Murray, Tex.Civ.App., 350 S.W.2d 593, on rehearing, p. 600.

Even in the absence of this supplemental order of the trial court, the record reflects that documents which appellants contend are those which appellees sought to have produced by the subpoena duces tecum (although not in any manner mentioned or identified during the trial) were inspected by the district judge. After the judgment was rendered, appellants filed a Motion to Send Up Originals to the appellate court, including "papers, documents, and things of whatever kind of character submitted to the Court for the Court's investigation and inspection in connection with the case and not viewed by defendants, such instruments, evidence, documents and things to be sealed in envelopes and made a part of the record of this case on appeal." This motion was granted by the Court.

■ Since this cause is before us on appeal, the question to be determined is whether or not the district judge abused his discretion in refusing to issue the writ of mandamus requiring the probate judge to set aside his order, and to enter an order relieving the witness Goldapp from producing certain evidence in obedience to the subpoena duces tecum. On appeal, the appellate court will not reverse a refusal of the trial court to grant a writ of mandamus unless it is made to appear that the trial court abused his discretion in denying the writ, and the burden is on the appellant to show such an abuse. 55 C.J.S. Mandamus § 373 e, p. 648.

■ Before the district court could issue a writ of mandamus requiring the probate judge to vacate the order he had entered, it must appear that the order of the probate judge was void as being an abuse of his discretion. Neville v. Brewster, 163 Tex. 155, 352 S.W.2d 449, p. 451. The order of the probate judge is valid on its face. Appellants contend that the failure of the probate judge to examine the documents and papers sought in order to determine the merits of the Bank's motion for protective orders was a clear abuse of discretion, rendering the order void, citing Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434. The record is entirely silent as to whether or not the documents etc. were produced before the probate court and examined by him. There was

no evidence introduced during the trial in the district court as to what proceedings occurred in the probate court, except that the motion was filed and overruled. It does appear that at all times, these papers and documents etc. were in the possession of appellant Bank, and only the Bank and its officials or representatives could have produced them to the probate judge for his examination of them. If they did not do so, appellants are in no position to complain now, since the burden was on the Bank in the probate court as it was in the district court to establish its rights to the relief sought. 37 Tex.Jur.2d Mandamus, § 108, p. 765 et seq. In the absence of proof to the contrary, all presumptions favor the validity of a court decree, providing it is not void on its face. We find no evidence in the record establishing that the order of the probate judge is void.

■ The district court was not asked by appellants to order the probate court to examine the documents etc. and separate the relevant non-privileged ones from those not relevant or privileged. The relief requested was specific, that the order be vacated, and the probate judge be required to enter an order relieving the witness Goldapp from producing the items mentioned in the petition, and directing that the witness be not questioned with reference to such items and certain other matters specified in the petition. If the district court had granted the relief prayed for, in our opinion it would have been guilty of an abuse of discretion, for it would have been supervising the exercise of discretion by the probate judge in his rulings on the relevancy and materiality of information contained in the documents, writings, etc., in question. Maresca v. Marks, Tex.Sup.Ct., 362 S.W.2d 299, p. 301.

■ We feel that the district judge had the authority to examine the papers, documents, etc., *had they been produced and properly identified before him in open court during the trial* without the instruments being disclosed to counsel for appellee. If he concluded that some of the documents were probably subject to appellants' objections of irrelevancy, privilege, etc., and others were probably not, he could have given extraordinary relief by returning the instruments to the probate court, with directions to examine them and exercise his judicial discretion in separating the admissible from the inadmissible. Maresca v. Marks, supra; Crane v. Tunks, supra. But this was not the relief asked for by appellants in their petition for mandamus. We feel that the district judge did not abuse his discretion in refusing to grant the mandamus requested by appellants in their pleadings.

In arriving at this conclusion, it has not been necessary for us to determine the matters raised in the briefs as to the relevancy, privilege, etc., of the documents, papers, letters, etc., to which appellants objected. Appellants' points raising such questions do not reflect reversible error. Neither have we felt it necessary to pass upon appellees' motion to strike from the record the six sealed, unidentified (in the record) envelopes delivered to our clerk by one of the attorneys for appellants.

■ We understand that the deposition of Goldapp has not as yet been taken. We note from the subpoena duces tecum that a notary public, the proper official under ordinary circumstances, was to preside at the taking of the deposition. We feel that the present instance is extraordinary, and calls for extraordinary measures, and that all parties are entitled to have the deposition taken before the probate judge at some place designated by him, so that when questions arise as to whether or not certain instruments are privileged, or relevant to the subject matter involved in the pending action (Rule 186a, T.R.C.P.) or should be included within the depositions, or whether a certain line of questioning is proper, rulings on such matters might be secured at that time from him, in the manner provided by Crane v. Tunks, supra,

and Maresca v. Marks, supra. Rules 186b, and 215a, T.R.C.P. Under the provisions of such rules, and of Crane v. Tunks, and Maresca v. Marks, we feel that we are authorized to direct that the deposition if taken, be before the Special Probate Judge, and accordingly, we do make such order. Southern Bag & Burlap Co. v. Boyd, 120 Tex. 418, 38 S.W.2d 565, p. 570, (d).

In connection with the matter of relevancy, we call attention to the recent case of Bell v. Still, Tex.Sup., 403 S.W.2d 353, affirming and adopting the opinion of the Court of Civil Appeals, 389 S.W.2d 605, and decided while the present case was on appeal. It was there held that the Probate Code did not change the rule previously existing that the probate judge does not have the power to remove an independent executor for gross mismanagement of an estate unless the independent executor, properly appointed and qualified, was required to post bond and could not or would not do so.

Judgment Reformed and Affirmed.