

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-14-00086-CV

---

FAYE COMTE AND LAURA SEVERT, Appellants

V.

SMITH COUNTY COMMISSIONERS' COURT AND JOEL P. BAKER, CARY NIX, JEFF WARR, JOANN HAMPTON, AND TERRY PHILLIPS, EACH IN HIS OR HER OFFICIAL CAPACITY AS A SMITH COUNTY COMMISSIONER, Appellees

---

On Appeal from the 241st District Court
Smith County, Texas
Trial Court No. 13-2492-C

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss
Concurring Opinion by Justice Burgess

MEMORANDUM OPINION

In this appeal out of Smith County,[1] we are faced with a clash of principles. On one hand, we have the broad authority and discretion of county commissioners over county funds and budgets. On the other, we have (1) the Constitutional obligation of courts handling certain cases involving protection of children to arrange legal representation for indigent parties at county expense and (2) the authority, subject to statutory exceptions, of district courts to exercise "general supervisory control" over county commissioners.

Faye Comte and Laura Severt (the Attorneys), two court-appointed, family law attorneys, seek payment for those legal services they provided in the 321st Judicial District Court. The Attorneys' quest in this Court takes the form of an appeal from the 241st Judicial District Court's refusal to issue a writ of mandamus directing the Smith County Commissioners Court to approve and pay the fees.

To reverse a trial court's refusal to issue a writ of mandamus, we must find that the trial court denying the writ abused its discretion. *Alice Nat'l Bank v. Edwards*, 408 S.W.2d 307, 311 (Tex. Civ. App.—Corpus Christi 1966, no writ). Because we find no abuse of discretion, we affirm the trial court's denial of the requested writ.

It appears that Smith County, like others, has experienced a dramatic increase in the money spent on providing court-appointed family-law attorneys, particularly in the 321st Judicial District

---

[1] This appeal was originally filed in the Twelfth Court of Appeals in Tyler. Pursuant to Section 73.001 of the Texas Government Code, the Supreme Court of Texas transferred the case to this Court. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Because this is a transfer case, we apply the precedent of the Twelfth Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

Court. On June 18, 2013, the Smith County Commissioners Court entered an order[2] stating that it would refuse to approve any additional funding for non-contract, court-appointed attorney fees in civil matters arising out of that court for the 2013 fiscal year. It is alleged that, after the order was in place, the commissioners court refused to remit payment to non-contract, court-appointed, family law attorneys Comte, Severt, Jarrod Heath, Jeff Sanders, and Jennifer Deen. Displeased with the commissioners court's order and refusal to remit payment for their services, Comte, Heath,[3] Sanders, Deen, and Severt filed a petition for writ of mandamus in the trial court asking that it (1) vacate the order issued by the commissioners court prohibiting payment of their fees and (2) direct the commissioners court to remit payment for their services. After a hearing, the trial court denied the petition. Of the above group, only the two remaining Attorneys bring this appeal of the denial of their petition.

Mandamus relief is an extraordinary remedy. *In re S.W. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue to compel a public official to perform a ministerial act. *Anderson v. Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991). "An act is ministerial when the law clearly describes the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." *Id*. This general rule is not without exception. Mandamus relief with respect to matters of a discretionary nature may issue in

---

[2]The Attorneys refer to the document as a letter. It is entitled "Order of Commissioners' court of Smith County, Texas[,] Setting Policy for Enforcement of Fiscal Year 2013 Budget Category Pertaining to Non-contract Attorneys for Civil Family Cases in the 321st Judicial District court." We will refer to it as an order.

[3]Heath filed a motion for partial nonsuit, and on April 17, 2014, the trial court dismissed his claims without prejudice.

certain circumstances, but only on a showing by the relator that a public official clearly abused his or her discretion. *Womack v. Berry*, 291 S.W.2d 677, 682 (Tex. 1956) (orig. proceeding).

Trial courts retain original mandamus jurisdiction over county officials. TEX. CONST. art. 5, § 8; *Vondy v. Comm'rs Court of Uvalde Cnty.*, 620 S.W.2d 104, 109 (Tex. 1981). An original proceeding for a writ of mandamus initiated in a trial court is a civil action subject to trial and appeal on substantive legal issues and rules of procedure like any other civil suit. *Anderson*, 806 S.W.2d at 792 n.1. In a mandamus proceeding, the burden is on the party seeking the relief to negate, by affirmative allegation and proof, every fact or condition which would have authorized the public official to refuse to take the action sought to be required of him or her. *Smith v. McCoy*, 533 S.W.2d 457, 460 (Tex. Civ. App.—Dallas 1976, writ dism'd) (citing *King v. Guerra*, 1 S.W.2d 373 (Tex. Civ. App.—San Antonio 1927, writ dism'd w.o.j.).

A trial court may countermand an order of a commissioners court only if the commissioners court's actions were an abuse of discretion. *Ector County v. Stringer*, 843 S.W.2d 477, 479 (Tex. 1992). The supervisory jurisdiction of the trial court may be invoked in a direct attack when it is shown that the order of the commissioners court is voidable as being arbitrary, capricious, or unsupported by substantial evidence or that the court acted beyond its jurisdiction. *Live Oak Cnty. v. Lower Nueces River Water Supply Dist.*, 446 S.W.2d 14, 27 (Tex. Civ. App.—Beaumont 1969, writ ref'd n.r.e.). "On appeal, an appellate court will not reverse a refusal of the trial court to grant a writ of mandamus unless it is made to appear that the trial court abused his discretion in denying the writ, and the burden is on the appellant to show such an abuse." *Edwards*, 408 S.W.2d at 311.

4

The Attorneys had the burden to demonstrate to the trial court that mandamus relief was appropriate by showing (1) that they had no adequate remedy at law and (2) that the commissioners court acted arbitrarily or abused its discretion by issuing its June 18 order and by refusing to submit payment to the Attorneys for their services. *See Smith*, 533 S.W.2d at 460.

In seeking mandamus relief from the trial court, the Attorneys attached to their petition what they refer to as "exhibits."[4] "Exhibit A" is the commissioners court's June 18 order, which states, in part:

> Specifically, the commissioners' court of Smith County finds that spending has increased in an unwarranted and extravagant manner in the 321st Judicial District Court with regard to appointments made in civil family law cases, and necessary steps are needed to comply with the budgetary policy set forth in Texas Local Government Code, § 111.070(a), which mandates "strict compliance" with the budget. Such a finding has been made only after a tremendous amount of additional funds having been transferred to accommodate the needs of the 32lst Judicial District Court; however, these extraordinary budget transfers cannot continue in an unlimited manner.

The order goes on to recite the following policies:

> (1)      Smith County shall not fund unwarranted and extravagant costs for non-contract attorney fees in civil family matters arising from the 321st Judicial District Court for fiscal year 2013 and shall only approve reasonable bills related to this budget category in line with available funds through the date of July 18, 2013 (30 days from the entry of this order);

---

[4]Although it appears from the hearing transcript that the documents attached to the Attorneys' petition were never formally admitted into evidence, the record reflects that the trial court and the parties treated the documents as if they were evidence and that neither of the parties indicated anything to the contrary by lodging an objection. Appellate courts have repeatedly held that evidence that is not objected to and that the trial court and the parties treat as admitted is, for all practical purposes, admitted. *See Tex. Health Enters., Inc. v. Tex. Dep't of Human Serv.*, 949 S.W.2d 313, 314 (Tex. 1997); *Tex. Dep't of Pub. Safety v. Latimer*, 939 S.W.2d 240, 243 (Tex. App.—Austin 1997, no writ); *Pickering v. First Greenville Nat'l Bank*, 479 S.W.2d 76, 78 (Tex. Civ. App.—Dallas 1972, no writ); *Guetersloh v. C.I.T. Corp.*, 451 S.W.2d 759, 760 (Tex. Civ. App.—Amarillo 1970, writ ref'd n.r.e.); *McGary v. First Bancredit Corp.*, 273 S.W.2d 905, 907 (Tex. Civ. App.—Texarkana 1954, writ ref'd n.r.e.). Therefore, we will treat the documents referred to in the hearing before the trial court as if they were admitted into evidence.

(2) After July 18, 2013, the Smith County commissioners' court will generally not approve any additional funding for non-contract attorneys in civil matters arising from the 321st Judicial District Court for fiscal year 2013; and

(3) The 321st Judicial District Court is advised to take reasonable steps to transfer caseloads from non-contract attorneys to one of the nine (9) contract attorneys assigned to the Court.

(Footnote omitted).

"Exhibit B" to the Attorneys' petition is a chart entitled "Orders Appointing Non-Contract Attorneys." There is no evidence as to who prepared the chart or for what reason it was prepared. "Exhibit C" contains copies of two letters from the Smith County Auditor addressed to the Smith County Commissioners Court. One of the letters is dated August 26, 2013, and the other is dated September 10, 2013. The county auditor writes,

Attached is a compilation of the non-contract attorney invoices received from the 321st District Court for services rendered, yet unpaid, due to lack of budgetary funding. These invoices were incurred as authorized in the Family Code, Chapter 107.015(c)(d) and have been examined and approved for payment by the County Auditor pursuant to LGC, Chapter 113.064 and 113.065.

Sufficient funding is not in place to pay these invoices; therefore, they are presented to the Commissioners' court in tabulated form for due consideration of payment and the necessary transfer of funds, if so approved.

The auditor's August 26 letter included an attachment with the heading "321st District Court, Outstanding Attorney Fees, 8/27/2013." It is a multi-columned table with information regarding hourly billing related to various cases. There is neither an indication who prepared the document or a description of what work was allegedly performed. The September 10 letter also included an attachment entitled "321st District Court, Unpaid Non-Contract Attorney Bills, Presented to Commissioners' court 09/10/13," which looks much like the attachment to the

6

August 27 letter from the auditor. It does not reflect who prepared the document or what work was actually performed.

On August 25, 2014, the trial court entered a "final judgment" denying the Attorneys' petition for writ of mandamus.[5] In support of their position that the trial court erred in denying mandamus relief, the Attorneys contend that the 321st Judicial District Court had the inherent power to make non-contract attorney ad litem appointments when the need arose.[6] They also maintain that the district court had the statutory power to make ad litem appointments.

> In a suit filed by a governmental entity requesting termination of the parent-child relationship or to be named conservator of a child, the court shall appoint an attorney ad litem to represent the interests of the child immediately after the filing, but before the full adversary hearing, to ensure adequate representation of the child.

---

[5]The parties did not request findings of fact and conclusions of law, and the trial court did not choose to enter them on its own volition. Therefore, we must consider that the trial court's judgment implied all findings of fact necessary to support its denial of the Attorneys' petition for writ of mandamus. *See Pharo v. Chambers Cnty.*, 922 S.W.2d 945, 948 (Tex. 1996).

[6]We agree with the Attorneys that the inner workings of a district court, particularly issues relating to the management of its chief functions, are practically inviolable. Courts refer to these workings and decisions as a court's inherent power, which is to be protected. *Vondy*, 620 S.W.2d at 109. In *Mays v. Fifth Court of Appeals*, Justice Spears concurred with the majority. In doing so, he maintained that even in the absence of a statutory provision, a court has the inherent power to compel the expenditure of public funds that are reasonably necessary for it to adequately and efficiently function. *Mays v. Fifth Court of Appeals*, 755 S.W.2d 78, 82 (Tex. 1988) (Spears, J., concurring).

> The process of allocating public resources is complex. Both state and local legislative bodies make difficult decisions when faced with competing priorities. Political and economic considerations often result in the relatively unassertive requests of the judiciary being neglected. However, unlike state agencies, courts cannot reduce services. The judiciary can only delay or postpone the disposition of justice. Legislative leaders must realize that courts have been neglected for too long and must now receive greater financial support. In this day and time, with ever increasing dockets, modern word-processing equipment, computers, and skilled personnel to assist with the workload may often be as critical as heating stoves. The judiciary can no longer permit its efficiency and progress to be stymied by legislators who apparently misunderstand the constitutional role and function of the judiciary as a separate, independent and equal branch of government. Ultimately, the legislative branch of government cannot be permitted to cripple the judicial branch by refusing needed appropriations. The "power of the purse" is a legislative power but it is not an absolute power; it may not be used to divest the court of its ability to function independently and effectively.

*Id.*

7

TEX. FAM. CODE ANN. § 107.012 (West 2014). Because this statute contains the word "shall," the Attorneys argue that the Legislature did not intend to afford the commissioners court any discretion when it came to paying fees for their ad litem services. *See Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). Thus, the Attorneys reason that the commissioners court's duty to pay them for their services was simply a ministerial act, not a discretionary one. The Attorneys also maintain that the trial court had the authority to grant the mandamus relief they were requesting and to compel the commissioners court to perform its ministerial duty of paying them for the services they rendered in the 321st Judicial District Court.[7]

In response, the commissioners' court contends that it has general legislative authority in Smith County. *See* TEX. CONST. art. V, § 18. The commissioners court maintains that, as part of its legislative authority, it has broad discretion to create the county's budget, set fiscal priorities, and execute these responsibilities for the good of the entire county. *See Hooten v. Enriquez*, 863 S.W.2d 522, 528 (Tex. App.—El Paso 1993, no writ); *Comm'rs Court of Caldwell Cnty.*, 690 S.W.2d 932, 934 (Tex. App.—Austin 1985, writ ref'd n.r.e.). As such, the commissioners court believes that the adoption and, therefore, the administration of the budget is discretionary and is protected from scrutiny by the trial court via the separation of powers doctrine. *See* TEX. CONST.

---

[7]The Texas Constitution vests in a district court (which we refer to in this case as the trial court), "appellate jurisdiction and general supervisory control over the county commissioner's court, with such exceptions and under such regulation as may be prescribed by law." TEX. CONST. art. V, § 8. The statute empowering the trial court to exercise such control merely echoes the constitution. *See* TEX. GOV'T CODE ANN. § 24.020 (West 2004). The trial court has general supervisory control over the commissioners court and original mandamus jurisdiction to compel the county commissioners to carry out their constitutional duties. *See Ector County*, 843 S.W.2d at 479.

art. 2, § 1.[8]  Based on this line of reasoning, the commissioners court maintains that its refusal to pay the attorneys was well within its discretionary power and that mandamus relief was not appropriate in this case.

While the Attorneys repeatedly point to the district court's inherent powers, the district court is not a party to this litigation.  The Attorneys bore the burden of proof during the proceedings below, and they bear the burden of proof at this juncture, to ensure that a sufficient record is presented to show error requiring reversal.

The commissioners court's June 18 order, which was issued just three and one-half months before the end of the fiscal year, stated that it was attempting to strictly comply with the budgetary guidelines that it had previously approved for the 2013 fiscal year.  The order also explained that it had attempted to accommodate the district court with its budgetary issues and that it would refuse to approve bills related to non-contract attorney appointments after July 18, 2013.  Contrary to the Attorneys' position, the commissioners court did not "order" the district court to refrain from appointing attorneys when the need arose; it only "advised" the district court to "take reasonable steps to transfer caseloads from the non-contract attorneys to one of the nine (9) contract attorneys assigned to the Court." There is nothing in the record showing that the District Court chose to

---

[8]Article 2, Section 1 of the Texas Constitution reads as follows:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit:  Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

TEX. CONST. art. 2, § 1.

appoint any of the non-contract attorneys after the issuance of the commissioners court's June 18 order. The last non-contract attorney appointment made by the district court appears to have been made on May 23, 2013. Without making such a finding, it is possible to surmise that the district court was attempting to work with the commissioners court in relation to the financial issues Smith County might have been facing.

The record does show, however, that, following the issuance of the commissioners court's June 18 order, the Attorneys themselves chose to continue providing services in selected cases due to what they considered ethical obligations. The Attorneys maintain that, because their minor clients could not give them consent to withdraw, they were, therefore, ethically obligated to continue their representation despite being aware of the commissioners court's order. We would note that, on the same basis, the Attorneys' clients were likewise unable to retain them initially. Based on the evidence presented in this case, the Attorneys failed to show that the commissioners court's actions infringed on the district court's inherent power to adequately function.

The Attorneys also maintain that, because the district court reviewed their billing invoices and the county auditor approved their billing, there was nothing left to be done except for the commissioners court's ministerial task of remitting payment to them, which the court refused to do. The Attorneys argue,

> Once legal services were rendered, [the Attorneys] submitted invoices to the Smith County Auditor. The Auditor then "examined and approved" the invoices and sent them by letter to Joel Baker and the County commissioners "for payment." The County commissioners refused to tender payment, which left [the Attorneys] with no choice but to seek mandamus relief.

10

As the Attorneys point out, the county auditor stated in her letters that she had received the Attorneys' invoices from the district court and that she had "examined and approved" them for payment pursuant to the relevant statutes; however, it also clear from her correspondence that "sufficient funding [was] not in place to pay [the] invoices." Moreover, the auditor's letter stated that she had attached a compilation of attorney fees received by the district court, but we find no evidence or testimony as to who created the "compilation" of fees or from where the information originated. These documents are inadequate to show that the Attorneys fully complied with the statute requiring them to submit to the district court a voucher or claim for payment,[9] and they are likewise inadequate to show that the only step left to be taken was the ministerial task by the commissioners' court of paying them. Moreover, the county auditor's letters stating that she had received and approved the Attorneys' billing (but that there was no funding available) were not sufficient to demonstrate that the only step left in the process was for the commissioners court to remit payment to the Attorneys.[10]

---

[9]Section 107.015(d) of the Texas Family Code states,

> A person appointed as a guardian ad litem or attorney ad litem shall complete and submit to the court a voucher or claim for payment that lists the fees charged and the hours worked by the guardian ad litem or attorney ad litem. Information submitted under this section is subject to disclosure under Chapter 552, Government Code.

TEX. FAM. CODE ANN. § 107.015(d) (West 2014).

[10]The commissioners court maintains that the Attorneys never indicated to them before filing their mandamus petition that they believed the commissioners court's order was void or that the commissioners court was statutorily required to pay their fees. The Texas Local Government Code states,

> (a)      Except as provided by Subsection (c), a person may not file suit on a claim against a county or an elected or appointed county official in the official's capacity as an appointed or elected official unless the person has presented the claim to the commissioners' court and the commissioners' court neglects or refuses to pay all or part of the claim before the 60th day after the date of the presentation of the claim.

The Attorneys' request for mandamus relief is an extraordinary remedy. *See S.W. Bell Tel. Co., L.P.*, 235 S.W.3d at 623. At the hearing before the trial court, the Attorneys were required to show both the absence of an adequate remedy at law and that the commissioners court abused its discretion. *See In re Entergy Corp.*, 142 S.W.3d 316, 320 (Tex. 2004). In order for the Attorneys to succeed in this case, they must have presented sufficient evidence showing that the commissioners court's June 18 order was voidable or that the commissioners court's act of paying their fees was simply a ministerial duty clearly mandated by law that left nothing to the exercise of discretion. *See Anderson*, 806 S.W.2d at 793. The trial court found that the Attorneys failed to meet their burden. We must consider that the trial court's judgment implied all findings of fact necessary to support its ruling. *See Pharo*, 922 S.W.2d at 948. Based on the evidence presented,

---

(b)    If the plaintiff in a suit against a county does not recover more than the commissioners' court offered to pay on presentation of the claim, the plaintiff shall pay the costs of the suit.

(c)    A person may file a suit for injunctive relief against a county. After the court's ruling on the application for temporary injunctive relief, any portion of the suit that seeks monetary damages shall be abated until the claim is presented to the commissioners' court and the commissioners' court neglects or refuses to pay all or part of the claim by the 60th day after the date of the presentation of the claim.

TEX. LOCAL GOV'T CODE ANN. § 89.004 (West 2008).

The record has no evidence showing that the Attorneys complied with this provision or that they attempted to comply with it. This statutory provision would have required the Attorneys to present their claims to the commissioners court as a condition precedent to filing their petition; however, such is not mandatory in a number of circumstances. *Cnty. of Bexar v. Garcia*, 974 S.W.2d 107, 109 (Tex. App.—San Antonio 1998, no pet.). For instance, compliance with the statute would not have been required if the statute's purpose was to give the commissioners court notice and the opportunity to investigate and settle any alleged claims and that purpose had been met in some other fashion. *Id.* In this case, there is no evidence of the notice requirement being otherwise met. Having noted the statute's directive and for the reasons we have previously stated herein, it is unnecessary for this Court to address the Attorneys' potential failure to comply with the statute or any of the myriad of reasons they might have been excused from complying with it.

we cannot find that the trial court abused its discretion in denying the Attorneys' petition for writ of mandamus.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

CONCURRING OPINION

I concur with the opinion. I write separately to emphasize the limited scope of our opinion.

As noted in our opinion, when the trial court issued orders for payment of attorney fees pursuant to statutory authority, the commissioners court did not seek mandamus or appellate review of the district court's fee orders in the court of appeals. Instead, it responded by issuing its own competing order essentially refusing to comply with any future attorney fee payment orders after a certain date and "advising" the trial court that it should only use contract attorneys for such services in the future.[11] Because the trial court below issued a general order denying the Attorneys' request for a writ of mandamus and did not enter findings of fact and conclusions of law, and because the appellant failed to establish that the trial court abused its discretion in denying their petition, we defer to the trial court's decision denying relief and affirm its decision. Therefore, the commissioners courts refusal to pay as ordered stands.

---

[11]Although the appellants did not meet their burden of proof, these procedural facts were not proven, but they were alleged by the appellants and not disputed by the appellees.

13

Nevertheless, the trial court did not find and we likewise do not find that the commissioners court's refusal to comply with the trial court's fee order was proper, and nothing in our opinion should be interpreted as holding that a commissioners court has discretion to refuse to comply with a trial court's order. We simply hold that the appellants failed to establish that the trial court abused its discretion in denying their petition, and nothing more.

Ralph K. Burgess
Justice

Date Submitted:     July 29, 2015
Date Decided:      October 28, 2015